Filed 4/5/16  P. v. Grant CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

|  |  |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E064337 |
| v. | (Super.Ct.No. SWF1203310) |
| RYAN KEITH GRANT, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  Becky Dugan, Judge.  Affirmed.

John L. Dodd, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Scott C. Taylor, and Daniel Hilton, Deputy Attorneys General, for Plaintiff and Respondent.

Defendant and appellant Ryan Keith Grant pled guilty to 13 felony counts of receiving stolen property (Pen. Code, § 496, subd. (a), counts 1-13), one felony count of unlawfully possessing heroin (Health & Saf. Code, § 11350, subd. (a), count 14), one felony count of counterfeiting or forging the seal or handwriting of another (Pen. Code, § 470, subd. (b), count 15), and one misdemeanor count of unlawfully possessing burglary tools (Pen. Code, § 466, count 16). Defendant admitted committing count 15 while released from custody on another matter (Pen. Code, § 12022.1), suffering a prior prison commitment (Pen. Code, § 667.5, subd. (b)), and having a strike prior (Pen. Code, §§ 667, subds. (c) & (e)(1), 1170.12, subd. (c)(1)).

The superior court imposed a 32-month prison sentence composed of consecutive eight-month terms for counts 1 and 14, each doubled because of the strike prior, and a concurrent term of 180 days in county jail for count 16. The court stayed the sentences on counts 2 through 13, and 15 under Penal Code section 654. The court struck punishment for the enhancement to count 15 and stayed punishment for the prison prior.

California voters later passed Proposition 47, which converted receipt of stolen property offenses and certain categories of forgery offenses into misdemeanors where the value of the stolen property or forged financial instrument does not exceed $950. (§§ 496, subd. (a), 473, subd. (b).)[1] Defendant used a new procedure (§ 1170.18, subd. (a)) to petition for resentencing. Initially, he petitioned for resentencing on the receiving stolen property (counts 1-13) and the illegal possession of heroin (count 14) offenses.

---

[1]     Unlabeled statutory citations refer to the Penal Code.

However, defendant later requested resentencing on his conviction for counterfeiting or forging the seal or handwriting of another person (count 15). The superior court recalled defendant's felony convictions in counts 1 through 14, but denied his petition on count 15 on the ground the offense of conviction was "[n]ot a qualifying felony."

On appeal, defendant contends the superior court erred in denying his petition on count 15 based on the mistaken belief he was convicted of violating the nonqualifying section 470b (forgery of a driver's license or identification card) rather than the sometimes qualifying section 470, subdivision (b) (counterfeiting or forging the seal or handwriting of another). Defendant contends section 470, subdivision (b) is a qualifying offense under section 473, subdivision (b) where an offender is convicted of forging a check or other financial instrument valued at or under $950. Defendant did not attempt to show either that his forgery conviction was based on the forgery of a check or other financial instrument or that the value of the forged instrument did not exceed $950. However, he contends the prosecution had the burden of showing his conviction did not involve a check or other financial instrument and the value of the instrument exceeded $950. Defendant contends its failure to do so entitled him to resentencing.

We affirm.

# I

# FACTUAL BACKGROUND

On September 12, 2012, prosecutors charged defendant with 13 felony counts of receiving stolen property. (Pen. Code, § 496, subd. (a).) The complaint alleged defendant willfully and unlawfully received mail, personal documents, and checks

3

belonging to 13 different persons which had been obtained by theft.  Prosecutors charged defendant with one felony count of possessing heroin.  (Health & Saf. Code, § 11350, subd. (a).)  Prosecutors also charged defendant with one felony count of forging the seal and handwriting of another with intent to defraud (Pen. Code, § 470, subd. (b)), based on the allegation that "he did willfully and unlawfully counterfeit and forge the seal and handwriting of another, to wit:  KATHERINE K., with the intent to defraud."

On October 26, 2012, defendant entered a plea to the court, admitting guilt as to all counts and allegations against him.  On December 28, 2012, the superior court imposed a 32-month prison sentence composed of consecutive eight-month terms for counts 1 and 14, each doubled because defendant admitted a strike prior.  The court stayed the sentences on counts 2 through 13, and 15 under section 654.

On November 4, 2014, after defendant had begun serving his sentence, the voters of California passed Proposition 47, reducing some felony theft and drug possession offenses to misdemeanors.  Subject to certain exceptions, defendant's possession of heroin offense is now a misdemeanor (Health & Saf. Code, § 11350) and his receipt of stolen property offenses are now misdemeanors if the value of the property stolen in each offense did not exceed $950 (Pen. Code, §§ 496, subd. (a), 490.2, subd. (a)).  Proposition 47 also amended Penal Code section 473 to reduce to misdemeanors all forgeries "relating to a check, bond, bank bill, note, cashier's check, traveler's check, or money order, where the value of the check, bond, bank bill, note, cashier's check, traveler's check, or money order does not exceed nine hundred fifty dollars ($950)."  (Pen. Code, § 473, subd. (b).)  Proposition 47 also created a resentencing procedure allowing

4

offenders to petition for resentencing if they are "currently serving a sentence for a conviction" for committing a felony and "would have been guilty of a misdemeanor under" the provisions added by Proposition 47. (Pen. Code, § 1170.18, subd. (a).)

On December 23, 2014, defendant filed a petition for resentencing. His petition requested resentencing on his convictions for violating Penal Code section 496, subdivision (a) and Health and Safety Code section 11350. The written petition does not request resentencing on his conviction for violating Penal Code section 470, subdivision (b), but defendant later made an oral request for resentencing on that conviction as well.

On August 7, 2015, the superior court held a hearing on the petition. The prosecution did not contest that defendant was entitled to be resentenced on counts 1 through 14, and the superior court deemed those convictions misdemeanors. On the forgery conviction, defendant argued "Proposition 47 clearly gave relief on the 470 class of crimes, and there's no suggestion that the loss was over $950, so he should receive relief on all counts." Defendant did not present evidence his forgery offense related to a check, bond, bank bill, note, cashier's check, traveler's check, or money order. Nor did defendant present evidence that any such instrument did not exceed $950 in value. The record on appeal is silent on both these points.

The superior court noted "[t]he 470 class of crimes you refer to, they actually did describe with a bunch of commas, and all those commas have to do with the theft of money or money orders or the, like, forged ID cards are not included in that, and [section] 470[, subdivision] (b) specifically is not included. [¶] So when you look at all

5

the catchall language, none of the catchall language refers to forged identity cards. So the Court will find that he is not eligible for relief under [section] 470[, subdivision] (b)."

## II

## DISCUSSION

Defendant contends the superior court erred in denying his petition as to count 15 because it mistakenly believed he was convicted under section 470b for forging an identity card. The record on this point is unclear. The abstract of judgment records the statute under which defendant was convicted as section 470, subdivision (b), not section 470b. However, it records the crime as "Forged ID Card." Similarly, the superior court referred to section 470, subdivision (b) as the statute violated, but stated that defendant's offenses did not qualify for resentencing under section 473, subdivision (b) because "forged ID cards are not included" among the reclassified felonies. We need not resolve the issue because on appeal we are concerned with the correctness of the superior court's determination, not the correctness of its reasoning. (*People v. Dawkins* (2014) 230 Cal.App.4th 991, 1004.) "'[W]e may affirm a trial court judgment on any [correct] basis presented by the record whether or not relied upon by the trial court. [Citation.]' [Citation.]" (*ASP Properties Group, L.P. v. Fard, Inc.* (2005) 133 Cal.App.4th 1257, 1268.) In this case, the record establishes defendant did not support his petition with evidence of his eligibility. That deficiency warrants affirming the superior court's order.

Defendant contends he was eligible to be resentenced unless the prosecution established his forgery offense did not relate to a check or other listed financial instrument or the value of such instrument exceeded $950. Since the prosecution presented no evidence on those points, he argues he was entitled to be resentenced.

This case requires us to construe the language of an initiative measure, Proposition 47, and other statutory provisions. The same principles that govern construction of a statute enacted by the Legislature apply to construing a voter initiative. (*Taxpayers for Accountable School Bond Spending v. San Diego Unified School Dist.* (2013) 215 Cal.App.4th 1013, 1025-1026, 1056.) If the statutory language is not ambiguous, the plain meaning governs. (*Id.* at p. 1025.) Our review involves a pure question of law and is therefore de novo. (*Id.* at p. 1026.)

An offender who is currently serving a felony sentence for forging the signature of another with intent to defraud (§ 470, subd. (b)) may qualify to have his sentence recalled and to receive a misdemeanor sentence where the facts show his offense has been reclassified as a misdemeanor (§ 1170.18, subds. (a), (b)). At the time of his conviction, the prosecution was permitted to plead and prove forging the signature of another as a felony regardless the value of the stolen property. (§§ 470, subd. (b), 473, subd. (a).) As amended by Proposition 47, section 473, subdivision (b) now specifies, with certain exceptions, that "[n]otwithstanding subdivision (a), any person who is guilty of forgery relating to a check, bond, bank bill, note, cashier's check, traveler's check, or money order, where the value of the check, bond, bank bill, note, cashier's check, traveler's check, or money order does not exceed nine hundred fifty dollars ($950), shall be

7

punishable by imprisonment in a county jail for not more than one year." Thus, defendant could be eligible for resentencing if his forgery conviction related to a check or other listed financial instrument and the value of the instrument in his case did not exceed $950. (*People v. Hoffman* (2015) 241 Cal.App.4th 1304, 1309-1310.)

However, it is settled by statute that "[e]xcept as otherwise provided by law, a party has the burden of proof as to each fact the existence or nonexistence of which is essential to the claim for relief or defense that he is asserting." (Evid. Code, § 500.) Proposition 47 itself is silent as to the burden of proof, so Evidence Code section 500 controls. As a result, a petitioner for resentencing under Proposition 47 must establish his or her eligibility for resentencing. (*People v. Perkins* (2016) 244 Cal.App.4th 129, 136.) In this case, defendant was required to establish both that his forgery offense falls within the class of offenses redesignated as misdemeanors under the amended Penal Code section 473, subdivision (b) and that the value of the forged instrument did not exceed $950.

Defendant did not present evidence to meet this burden. At the hearing on the petition, defense counsel offered no evidence related to the nature of defendant's offense or the value of any financial instrument it involved. Instead, defense counsel simply asserted that there was "no suggestion that the loss was over $950." Having failed to present such evidence, defendant failed to meet his burden of showing his felony conviction would have been a misdemeanor had Proposition 47 been in effect at the time of his conviction. The superior court therefore properly denied defendant's petition.

8

(§ 1170.18, subd. (b) ["the court shall determine whether the petitioner satisfies the criteria in subdivision (a)"].)

Defendant contends we should refer to Evidence Code section 501 to locate the burden of proof on petitions brought under Penal Code section 1170.18. Evidence Code section 501 provides that "[i]nsofar as any statute, except [Evidence Code s]ection 522, assigns the burden of proof in a criminal action, such statute is subject to Penal Code [s]ection 1096." Penal Code section 1096 in turn provides that "[a] defendant in a criminal action is presumed to be innocent until the contrary is proved, and in case of a reasonable doubt whether his or her guilt is satisfactorily shown, he or she is entitled to an acquittal, but the effect of this presumption is only to place upon the state the burden of proving him or her guilty beyond a reasonable doubt." These principles plainly applied to defendant before his conviction. But they have no relevance to a petition brought by a defendant to reduce a sentence after his conviction. Under that circumstance, defendant is the party seeking relief, and Evidence Code section 500 provides that he carries the burden of proof.

Defendant contends *People v. Guerrero* (1988) 44 Cal.3d 343 supports placing the burden of proof on the prosecution. In *Guerrero*, the California Supreme Court recognized courts have applied a presumption in favor of the least offense punishable where the prosecution sought to enhance a current sentence based on the facts of a prior case. In such cases the *prosecution* has the burden of establishing enhancements apply. (*People v. Towers* (2007) 150 Cal.App.4th 1273, 1277 ["The prosecution bears the burden of proving beyond a reasonable doubt that a defendant's prior convictions were

9

for either serious or violent felonies"].)  As a result, any failure of evidence defeats the ability of the prosecution to meet its burden to show the prior offense was subject to greater punishment, triggering an enhancement.  Here, as we have discussed, the defendant is seeking relief and the defendant therefore must carry the burden of showing eligibility.  In that setting, the failure of proof cuts against defendant.

*People v. Bradford* (2014) 227 Cal.App.4th 1322 does not support defendant's position.  In *Bradford*, the Third District held that under the Three Strikes Reform Act of 2012 the prosecution was not permitted to go outside the record of conviction to establish a defendant is ineligible for resentencing on the basis of the nature of his conviction. (*People v. Bradford*, *supra*, at p. 1339.)  The *Bradford* court did not relieve the defendant of his burden of presenting evidence to support his petition.  On the contrary, the court indicated "the petitioner would be well advised to address eligibility concerns in the initial petition for resentencing." (*Id.* at p. 1341.)  Here, defendant did not raise such issues and did not offer testimony or other evidence concerning the nature of his offense or the value of any forged instrument.  (See *People v. Perkins*, *supra*, 244 Cal.App.4th 129.)  Without such a showing, the superior court did not err in deciding that defendant had not established his eligibility for resentencing.

### III

### DISPOSITION

We affirm the order denying defendant's petition for resentencing on count 15.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

SLOUGH_____

J.

We concur:

MILLER_____
        Acting P. J.

CODRINGTON_____
        J.