Filed 1/25/16

CERTIFIED FOR PUBLICATION

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E062878 |
| v. | (Super.Ct.No. SWF1102014) |
| CLAYTON OMAR PERKINS, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County. Becky Dugan, Judge. Affirmed.

Sheila Quinlan, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Anthony DaSilva, and Peter Quon, Jr., Deputy Attorneys General, for Plaintiff and Respondent.

1

Defendant and appellant, Clayton Omar Perkins, was charged with one felony count of receiving stolen property (Pen. Code, § 496, subd. (a), count 8), three felony counts of grand theft of a firearm (Pen. Code § 487, subd. (d)(2), counts 5, 6, 7), two felony counts of possession of methamphetamine for sale (Health & Saf. Code, § 11378, counts 1, 11), two felony counts of burglary (Pen. Code, § 459, counts 4, 10), three misdemeanor counts of resisting a peace officer (Pen. Code, § 148, subd. (a)(1), counts 2, 9, 12), and one misdemeanor count of using a controlled substance (Health & Saf. Code, § 11550, subd. (a), count 3).

After a jury found defendant guilty on all counts, he admitted to a prison prior, a serious felony prior, and a serious or violent prior (§§ 667.5, subd. (b), 667, subds. (a), (c) & (e)(1), 1170.12, subd. (c)(1)),[1] and the trial court imposed an aggregate term of 20 years 8 months in state prison. The trial court sentenced defendant to eight months in state prison on the receiving stolen property count, running consecutively to the sentences imposed on the burglary and possession of methamphetamine for sale counts. The trial court sentenced defendant to two years for each grand theft of a firearm count and stayed those sentences under section 654 because they arose out of the same events as the principal first degree burglary offense. Defendant appealed his conviction, and we affirmed. (People v. Perkins (Nov. 26, 2013, E056063) [nonpub. opn.].)

California voters later passed Proposition 47, which converted receipt of stolen property and grand theft of a firearm into misdemeanors where the value of the stolen

---

[1] Unlabeled statutory citations refer to the Penal Code.

property does not exceed $950. (§§ 496, subd. (a), 490.2, subd. (a).) Defendant filed a form to request resentencing, but the form mistakenly excluded the option of petitioning for resentencing grand theft offenses. As a result, and contrary to his intention, Perkins's petition asked for resentencing on the receiving stolen property conviction alone. Defendant's petition stated the requirements for eligibility for resentencing on that conviction, but attached no evidence, included no declaration, and provided no record citations to support the factual assertion that the stolen property did not exceed $950 in value. The superior court denied the petition without holding a hearing on the ground that the value of the stolen property exceeded $950. The order did not mention the convictions for grand theft of firearms.

On appeal, defendant contends (i) the superior court erred in denying his petition for resentencing on the receipt of stolen property conviction because its finding that the value of the stolen property exceeded $950 was not supported by substantial evidence and (ii) the superior court erred in failing to consider the petition for resentencing on defendant's three convictions for grand theft of a firearm.

We affirm the order denying the petition for resentencing on the receiving stolen property conviction because defendant did not carry his burden to submit evidence of the value of the stolen property. We do not reach the putative petition for resentencing on the grand theft of firearms convictions because defendant did not properly request resentencing on those convictions. We conclude, however, that defendant may file new petitions on his convictions for both the receipt of stolen property offense and the theft of firearms offenses.

3

# I

# FACTUAL BACKGROUND

On February 28, 2012, prosecutors charged defendant with, among other offenses, felony receipt of stolen property (§ 496, subd. (a)) and three counts of felony grand theft of a firearm (§ 487, subd. (d)(2)).

In the receiving stolen property count, the prosecution alleged "on or about October 28, 2011, in the County of Riverside, State of California, [defendant] did wilfully and unlawfully receive certain property, to wit, CREDIT CARD BELONGING TO CHRISTI L., which said property had been obtained by theft, knowing said property had been so obtained, and did conceal and withhold and aid in concealing and withholding said property from the owner." The possession of the credit card was related to an October 26, 2011 burglary of Christi L.'s home, which prosecutors charged in a separate case.[2] It was also the sole basis for the receipt of stolen property count in the information and at the pretrial hearing. Prosecutors were permitted to put on testimony about other items defendant stole from Christi L. for the limited purpose of showing defendant knew the credit card was stolen. A deputy for the Riverside County Sheriff's Department testified law enforcement recovered the credit card with other stolen items when they engaged defendant in a chase on October 28 and he dropped a black backpack. At trial, Christi L. identified as stolen items the backpack, two of her credit cards, a

---

[2]     We grant the People's motion and take judicial notice of the record in the prior appeal challenging defendant's conviction. (Evid. Code, §§ 452, subd. (d), 459, subd. (a); *Roberson v. City of Rialto* (2014) 226 Cal.App.4th 1499, 1503, fn. 3.) These facts come from that record.

laptop computer, a piece of jewelry from Tiffany & Co., a Kohl's gift card, a KMart rewards card, and all the jewelry and a jewelry box depicted in exhibits 16, 22, 23, and 24. The prosecution argued defendant was guilty of receiving stolen property on the basis of his possession of Christi L.'s credit card, and the jury found him guilty "as charged under Count 8"—for receiving the stolen credit card.

In the grand theft of firearms counts, the prosecution alleged "on or about September 11, 2011, in the County of Riverside, State of California, [defendant] did wilfully and unlawfully take a certain firearm then and there the personal property of DAVE S." Defendant took the handguns during a home burglary for which he was also convicted. The victim, Dave S., testified at trial that three handguns were stolen from his home on September 11, 2011—a stainless steel .40-caliber SIG Sauer handgun, a black .40-caliber SIG Sauer handgun, and a bull barrel .38-caliber Smith & Wesson revolver. Dave S. testified he paid $1,300 for the stainless steel SIG Sauer handgun, about $900 for the black SIG Sauer handgun, and $800 for the Smith & Wesson revolver.

After a jury convicted defendant of all charges, the trial court sentenced him to an aggregate 20 years 8 months in state prison, including eight months for receiving stolen property and two years for each grand theft of a firearm offense. The trial court ordered the receiving stolen property count to run consecutively to the sentences for other counts not at issue in defendant's petition or this appeal. The trial court stayed the sentences for firearm theft because they arose out of the same events as the principal burglary count.

On November 4, 2014, after defendant had begun serving his sentence, the voters of California passed Proposition 47, reducing some felony theft and drug possession

5

offenses to misdemeanors. The receipt of stolen property and theft of firearms offenses for which defendant was convicted are now misdemeanors if the value of the property stolen in each offense did not exceed $950. (§§ 496, subd. (a), 490.2, subd. (a).) The initiative also created a resentencing procedure allowing offenders to petition for resentencing if they are "currently serving a sentence for a conviction" for committing a felony and "would have been guilty of a misdemeanor under" the provisions added by Proposition 47. (§ 1170.18, subd. (a).)

On November 25, 2014, defendant filled out a form and submitted it to the superior court to request resentencing under section 1170.18, subdivision (a). The form provided checkboxes for the offenses the initiative had reclassified, including a box for section 496, subdivision (a). However, the form wrongly excluded a checkbox for grand theft crimes (§ 487) the initiative had reclassified (§ 490.2, subd. (a)). Defendant checked the box for section 496, subdivision (a), but listed his convictions for grand theft of firearms on the part of the form for other felony convictions, which informs the superior court whether defendant's prior convictions categorically disqualify him from resentencing. (See 1170.18, subd. (i).) As a result, on its face, defendant's petition asks for resentencing on his receiving stolen property conviction but not on his grand theft of firearms convictions. Defendant's petition states the value of the stolen property did not exceed $950. However, he did not identify the stolen property or attach evidence, a declaration, or include citations to the record of conviction to support the assertion that it did not exceed $950 in value. On January 2, 2015, the prosecution submitted a form

response indicating defendant was not entitled to resentencing because the value of the property exceeded $950. The prosecution's assertion was similarly unsupported.

On January 2, 2015, the superior court entered an order denying defendant's petition. The order states only that defendant has "multiple residential burglaries [¶] 459 1st degrees—11378 HS—496 PC with losses over $950—all not qualifying." The superior court did not explain the basis of its finding that the stolen property exceeded $950 in value.

## II

### DISCUSSION

A. *Petition for Resentencing on Receiving Stolen Property Conviction*

Defendant contends the superior court erred in denying his petition by determining without sufficient evidence that the credit card he was convicted of receiving exceeded $950 in value.

We review a "[superior] court's legal conclusions de novo and its findings of fact for substantial evidence." (*People v. Trinh* (2014) 59 Cal.4th 216, 236.) The interpretation of a statute is subject to de novo review on appeal. (*Kavanaugh v. West Sonoma County Union High School Dist.* (2003) 29 Cal.4th 911, 916.) "In interpreting a voter initiative like [Proposition 47], [the courts] apply the same principles that govern statutory construction." (*People v. Rizo* (2000) 22 Cal.4th 681, 685.) "'The fundamental purpose of statutory construction is to ascertain the intent of the lawmakers so as to effectuate the purpose of the law. [Citations.]'" (*Horwich v. Superior Court* (1999) 21 Cal.4th 272, 276.) "In determining intent, we look first to the words themselves.

7

[Citations.] When the language is clear and unambiguous, there is no need for construction. [Citations.] When the language is susceptible of more than one reasonable interpretation, however, we look to a variety of extrinsic aids, including the ostensible objects to be achieved, the evils to be remedied, the legislative history, public policy, contemporaneous administrative construction, and the statutory scheme of which the statute is a part. [Citations.]" (*People v. Woodhead* (1987) 43 Cal.3d 1002, 1007-1008.)

At the time of defendant's conviction, the prosecution was permitted to plead and prove receipt of stolen property as a felony regardless the value of the stolen property. (*People v. Shabazz* (2015) 237 Cal.App.4th 303, 308.) As amended by Proposition 47, section 496, subdivision (a) now specifies that "if the value of the [stolen] property does not exceed nine hundred fifty dollars ($950), . . . the offense shall be a misdemeanor, punishable only by imprisonment in a county jail not exceeding one year." Thus, defendant would be eligible for resentencing if the value of the stolen property that was the basis of his conviction under section 496, subdivision (a) did not exceed $950. (See *People v. Shabazz*, *supra*, at p. 308.)

The statute itself is silent as to who has the burden of establishing whether a petitioner is eligible for resentencing. However, Evidence Code section 500 provides, "[e]xcept as otherwise provided by law, a party has the burden of proof as to each fact the existence or nonexistence of which is essential to the claim for relief or defense that he is asserting." Because defendant is the petitioner seeking relief, and because Proposition 47 does not provide otherwise, "a petitioner for resentencing under Proposition 47 must establish his or her eligibility for such resentencing." (*People v. Sherow* (2015) 239

Cal.App.4th 875, 878-879 (*Sherow*); see also *People v. Rivas-Colon* (2015) 241 Cal.App.4th 444, 449-450; *People v. Page* (2015) 241 Cal.App.4th 714, 719, fn. 2 [Fourth Dist., Div. Two].) In a successful petition, the offender must set out a case for eligibility, stating and in some cases showing the offense of conviction has been reclassified as a misdemeanor and, where the offense of conviction is a theft crime reclassified based on the value of stolen property, showing the value of the property did not exceed $950. (*Sherow*, *supra*, at pp. 877-878; see also § 1170.18, subd. (a).) The defendant must attach information or evidence necessary to enable the court to determine eligibility. (*Sherow*, *supra*, at p. 880 ["A proper petition could certainly contain at least [defendant's] testimony about the nature of the items taken. If he made the initial showing the court can take such action as appropriate to grant the petition or permit further factual determination"].)

Defendant did not meet his burden in this case. Defendant submitted a form that asserted he was convicted for receipt of stolen property and that the value of the property did not exceed $950. But he did not indicate anywhere on the form the factual basis of his claim regarding the value of the stolen property. He did not describe the stolen credit card that provided the basis for the receiving stolen property count or even indicate that the credit card was the sole basis for the conviction. He did not address the trial evidence indicating he also possessed other items along with the credit card, all stolen from the same victim. Nor did he provide citations to the record of conviction that would have directed the superior court to such evidence. The petition provided no information whatsoever on the nature and value of the stolen property to aid the superior court in

9

determining whether defendant is eligible for resentencing. As a result, defendant did not provide the superior court with information that would allow the court to "determine whether the petitioner satisfies the criteria in subdivision (a)." (§ 1170.18, subd. (b).) We conclude defendant's petition did not meet his burden of providing evidence to establish he is eligible for resentencing on his receiving stolen property conviction.

Our conclusion that defendant must provide some evidence of eligibility when he files the petition is supported by the language and structure of the statute. Section 1170.18, subdivision (a) permits offenders currently serving sentences for reclassified offenses to "petition for a recall of sentence" and "request resentencing." "The statute does not expressly require the trial court to hold a hearing before considering the eligibility criteria, nor is there a reference to the taking of 'evidence' or other proceeding that would compel involvement by the parties. The statute simply states: 'Upon receiving a petition for recall of sentence under this section, the court shall determine whether the petitioner satisfies the [eligibility] criteria.' [Citation.]" (*People v. Bradford*, 227 Cal.App.4th 1322, 1337 (*Bradford*) [discussing nearly identical statutory language in § 1170.126, subd. (e)].) Thus, the statute appears to assume most petitions can be resolved based on the filings. We read the statute to fairly imply that in the normal case the superior court will rule on the basis of the petition and any supporting documentation.

Faced with such a petition, a superior court often will be able to grant or deny relief without a hearing. The superior court "will be able to summarily deny relief based on any petition that is facially deficient. Resentencing may be denied based solely on the fact of a prior conviction of a designated 'super strike' or any offense requiring

10

registration as a sex offender under section 290(c)." (Couzens & Bigelow, Proposition 47, "The Safe Neighborhoods and Schools Act" (August 2015), p. 37 (Couzens & Bigelow), at <http://www.courts.ca.gov/documents/Prop-47-Information.pdf > [as of Jan. 22, 2016].)  In many cases, a petition will be deficient because the offender seeks resentencing for a crime that has not been reclassified as a misdemeanor.  (E.g., *People v. Page*, *supra*, 241 Cal.App.4th at pp. 718-719 [petition properly denied because offense of unlawfully taking a vehicle (Veh. Code, § 10851, subd. (a)) not reclassified as a misdemeanor by Proposition 47].)  In other cases, the superior court may be able to determine whether a petitioner is eligible for resentencing simply by consulting the record of conviction or evidence submitted by the parties.

We note the revised form for Proposition 47 petitions indicates the Riverside County Superior Court will hold an eligibility hearing in any case where the district attorney contests eligibility and decide whether to grant the petition "at the conclusion of the hearing."  (See Petition for Resentencing—Application for Reduction to Misdemeanor, Form RI-CR039 (Application for Reduction), at http://www.riverside. courts.ca.gov/localfrms/ri-cr039.pdf> [as of Jan. 22, 2016].)  Nothing in our opinion should be read to disapprove the superior court's stated procedure.  We recognize Proposition 47 has imposed a substantial, if temporary, burden on the courts.  Superior courts have inherent authority to adopt procedures needed to exercise jurisdiction as well as to manage and control their dockets.  (Code Civ. Proc., §§ 187, 128, subd. (a); *Sole Energy Co. v. Petrominerals Corp.* (2005) 128 Cal.App.4th 187, 193.)  We hold only that the statute required defendant to include information supporting his petition with his

11

initial filing. Since he did not do so, we cannot conclude the superior court erred in summarily denying his petition.[3]

Defendant argues that *Bradford, supra,* 227 Cal.App.4th at page 1341, establishes that his petition was sufficient to require that the court hold a hearing on the value of the stolen property. We disagree. In *Bradford,* the superior court referred to the record of conviction, found evidence that defendant had possessed wire cutters during the commission of the crime, and concluded—without input from the parties—that wire cutters constitute a dangerous weapon, making petitioner ineligible for resentencing. (*Ibid.*) The *Bradford* court held that if "the matter of eligibility concerns facts that were not actually adjudicated at the time of the petitioner's original conviction (as here), the trial court should invite further briefing by the parties before finding the petitioner ineligible for resentencing." (*Ibid.*) In this case, defendant's petition was not sufficiently supported to create a dispute requiring the court to seek additional input from the parties. The outcome may have been different if defendant had stated a prima facie case for resentencing and supported his case with evidence or information. If the evidence were sufficient to create a dispute, it would be appropriate for the superior court to allow parties to address the disputed issue at a later qualification hearing. (See Couzens & Bigelow, *supra,* at p. 38 ("[I]t may not be possible from a review of the record alone to determine the value of property taken.").)

---

[3] The form defendant used to apply for resentencing included the same assurance, so it may be the superior court does not in fact grant hearings in every case in which the district attorney opposes a petition.

We are aware that defendant challenges the superior court's order denying his petition on the ground that the court found the stolen property exceeded $950 on the basis of insufficient evidence. We agree the superior court's order purported to resolve the factual issue and that the record on appeal indicates the court's unexplained finding was not supported by substantial evidence. However, on appeal we are concerned with the correctness of the superior court's determination, not the correctness of its reasoning. (*People v. Dawkins* (2014) 230 Cal.App.4th 991, 1004, as mod. (Oct. 21, 2014), review den. (Jan. 21, 2015) ["If right upon any theory of the law applicable to the case, [a decision] must be sustained regardless of the considerations which may have moved the trial court to its conclusion. [¶] . . . [¶] In other words, it is judicial action, and not judicial reasoning or argument, which is the subject of review; and, if the former be correct, we are not concerned with the faults of the latter. [Citation.]"], alteration in orig.) "'[W]e may affirm a trial court judgment on any [correct] basis presented by the record whether or not relied upon by the trial court. [Citation.]' [Citation.]" (*ASP Properties Group, L.P. v. Fard, Inc.*, (2005) 133 Cal.App.4th 1257, 1268, alteration in orig.) As we have discussed, this record establishes the failure of evidence began with defendant's petition. That deficiency warrants affirming the superior court's order.[4]

---

[4] Defendant contends he was entitled to be represented by appointed counsel in proceedings related to his petition. We do not agree every offender is entitled to assistance of counsel in preparing a petition for resentencing. (See Couzens & Bigelow, *supra*, at p. 69.) In any event, the record indicates defendant submitted his petition without requesting appointment of counsel to assist in preparing the petition. We take no position on whether the superior court must appoint counsel to represent a petitioner at an eligibility hearing.

We recognize, however, that defendant may have been misled about the requirements of petitioning for relief under Proposition 47. Though Evidence Code section 500 establishes petitioners have the burden of establishing eligibility, Proposition 47 itself is silent on the point and the courts had not made the connection explicit until after defendant had filed his petition. Moreover, Proposition 47 is silent as to the submission of evidence or information to support an application for resentencing. In addition, the form defendant used to petition includes no space for and no directions to include evidence or information regarding the value of stolen property. Even the revised form the superior court now provides omits any discussion or directions about submitting evidence. (See Application for Reduction, *supra*, at pp. 1-2.) In short, when defendant filed his petition, the ground rules were unsettled. For that reason, we follow the court in *Sherow* in affirming the order denying the petition "without prejudice to subsequent consideration of a properly filed petition." (*Sherow*, *supra*, 239 Cal.App.4th at p. 881.) In any new petition, defendant should describe the stolen property and attach some evidence, whether a declaration, court documents, record citations, or other probative evidence showing he is eligible for relief.[5]

---

[5] We recognize the Third District Court of Appeal held evidence submitted at a resentencing hearing under the Three Strike Reform Act must be from the record of conviction. (*Bradford*, *supra*, 227 Cal.App.4th at pp. 1339-1340.) However, eligibility for resentencing under that statute turns on the nature of the petitioner's convictions— whether an offender is serving a sentence on a conviction for nonserious, nonviolent offenses and whether he or she has prior disqualifying convictions for certain other defined offenses. (§ 1170.126, subd. (e).) By contrast, under Proposition 47, eligibility often turns on the simple factual question of the value of the stolen property. In most such cases, the value of the property was not important at the time of conviction, so the

*[footnote continued on next page]*

The People argue we should affirm the superior court's order on the basis that the trial record establishes defendant was in possession of items other than the stolen credit card and those items exceeded $950 in value. We cannot affirm on that basis. Defendant was prosecuted separately for burglary of the other items and the trial court allowed testimony about those thefts only to establish defendant knew the credit card he had in his possession was stolen. In this case, defendant seeks resentencing on his conviction for possession of stolen property, a conviction that was based entirely on his possession of Christi L.'s credit card. Thus, under the Proposition 47 petitioning procedure, had defendant submitted a supported petition, the superior court would have been required to determine whether the credit card exceeded or fell short of $950 in value. (§§ 1170.18, subds. (a), (b), 490.2, subd. (a).) Evidence related to the other stolen property defendant had in his possession is irrelevant to that determination. Even if it were not, we do not have sufficient information to make a determination of value. Among other deficiencies in the evidence, we do not have the photographic exhibits showing many of the stolen items, which are inadequately described in testimony. Accordingly, we decline to affirm on that basis.

---

*[footnote continued from previous page]*
record may not contain sufficient evidence to determine its value. For that reason, and because petitioner bears the burden on the issue (Evid. Code, § 500), we do not believe the *Bradford* court's reasons for limiting evidence to the record of conviction are applicable in Proposition 47 cases. That does not mean there will be a mini-trial on the value of stolen property in every case, only that offenders may submit extra-record evidence probative of the value when they file their petitions for resentencing. (*Sherow*, *supra*, 239 Cal.App.4th at p. 880 ["A proper petition could certainly contain at least Sherow's testimony about the nature of the items taken"].)

15

B.  *Petition for Resentencing of Grand Theft of Firearms Convictions*

Defendant contends the superior court erred by failing to address his petition for resentencing on his three convictions for grand theft of firearms.  We do not conclude that the superior court erred.  However, it is clear that the old form provided to enable offenders to petition for resentencing under section 1170.18, subdivision (a) was itself erroneous.  The form omitted grand theft convictions under section 487 that Proposition 47 has reclassified as misdemeanors.[6]

Defendant was convicted of three counts under section 487, subdivision (d)(2), which makes it a grand theft to steal a firearm.  Proposition 47 added a new provision, section 490.2, subdivision (a), which reclassifies felony section 487, subdivision (d)(2) grand theft violations into misdemeanors "where the value of the . . . property taken does not exceed nine hundred fifty dollars ($950)."  Thus, petitioner would be entitled to resentencing on each conviction, provided he can meet his burden of showing, separately for each firearm, that its value does not exceed $950.  The victim of defendant's theft testified defendant stole a black .40-caliber SIG Sauer handgun and a bull barrel .38-caliber Smith & Wesson revolver for which he paid $900 and $800, respectively.  He also testified defendant stole a stainless steel .40-caliber SIG Sauer handgun for which he paid $1300.  Thus, the record of conviction shows defendant may be able to make out a prima facie case for resentencing on two of his three theft of firearms convictions.

---

[6]    The superior court's new form includes section 487.  (See Application for Reduction, *supra*, at p. 1.)

16

However, defendant's petition did not properly request resentencing under section 490.2, subdivision (a). The omission is the fault of the form, rather than defendant. The People concede the proper remedy is to permit defendant to file a new petition that seeks resentencing on the theft of a firearm counts. We agree. In any new petition, defendant should describe the stolen property and attach some evidence, whether a declaration, court documents, record citations, or other probative evidence showing, for each conviction, that the stolen firearm did not exceed $950 in value.

### III

### DISPOSITION

We affirm the order denying defendant's petition for resentencing of his conviction for receipt of stolen property without prejudice to consideration of a subsequent petition that supplies evidence of his eligibility.

CERTIFIED FOR PUBLICATION


RAMIREZ
P. J.

We concur:


McKINSTER
J.


CODRINGTON
J.

17