Filed 2/29/16  P. v.Tarood CA1/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>    Respondent and Respondent,<br><br>v.<br><br>AMIRAH TAROOD,<br><br>    Petitioner and Appellant. | A145869<br><br>(Solano County<br>Super. Ct. No. FCR271937) |

Amirah Tarood appeals from the Solano County Superior Court's order denying her petition, brought pursuant to Penal Code section 1170.18,[1] to recall her 2010 sentence for felony grand theft and resentence her for misdemeanor grand theft.  Her court-appointed counsel has filed a brief raising no legal issues and requesting that this court independently review the record pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).  Tarood was informed of her right to file a supplemental brief and has not done so.

Upon our independent review of the record pursuant to *Wende*, we conclude there are no arguable appellate issues for our review and affirm the superior court's order.

**BACKGROUND**

In 2009, Tarood was charged with three counts related to the same incident, in which she purportedly stole property from certain stores in Solano County.  She subsequently pled no contest to felony grand theft in violation of section 487, subdivision (a) and was convicted of this offense; the other two counts were dismissed.

---

[1] All statutory references herein are to the Penal Code.

The court suspended imposition of sentence and placed Tarood on probation with the condition that she serve 120 days in jail.

On May 27, 2015, Tarood, via counsel, filed her present petition. It alleges that Tarood was convicted of a violation of "section 487(a). Grand Theft of Less Than 950 USD," and contends that, pursuant to section 1170.18, subdivisions (f) and (g), Tarood's felony sentence should be recalled and Tarood resentenced for commission of a misdemeanor. Tarood did not submit any evidence in support of her petition.

The People opposed the petition in a three-page brief. They contended that Tarood's offense did not qualify for reclassification to a misdemeanor because the governing statute, section 490.2, requires that the value of the stolen property not exceed $950. The People pointed out that a February 26, 2010 probation department pre-sentence report stated that Tarood was detained by police at a shopping center in Vacaville, California and found to have stolen property worth $1,556 in her possession. This consisted of $435.83 of Beauty Outlet property, $306.27 of Gap property and $813.90 of Osh Kosh property. The report[2] does not state any particulars about how the value of the stolen property was assessed.

In a July 2015 hearing on Tarood's petition, her counsel did not challenge the People's contention that the value of the stolen property exceeded $950. The court denied Tarood's petition, stating without further comment that "the amount was in excess of $950. So the motion is denied."

Appellant filed a timely notice of appeal.

## DISCUSSION

Tarood was convicted of felony grand theft in violation of section 487. In 2014, California voters passed Proposition 47, which, via sections 1170.18 and 490.2, subdivision (a), allow a court to reclassify such a grand theft conviction from a felony into a misdemeanor where the value of the stolen property does not exceed $950. (See, e.g., *People v. Perkins* (2016) 244 Cal.App.4th 129, 141.)

---

[2] The People did not submit the probation report with their opposition, but it is contained in the record and presumably was available to the trial court.

Specifically, section 1170.18, subdivision (a) provides that a person currently serving sentence for a conviction of a felony who would have been guilty of a misdemeanor had Proposition 47 been in effect at the time of the offense may petition for a recall of the sentence and resentencing in accordance with, among other statutes, section 490.2. Section 1170.18, subdivision (b), upon which Tarood based her petition request,[3] provides in relevant part that a court has the discretion to recall the sentence of a petitioner who meets the criteria in section 1170.18, subdivision (a) and resentence him or her pursuant to section 490.2. Section 490.2, subdivision (a) provides in relevant part, "Notwithstanding Section 487 . . . , obtaining any property by theft where the value of the money, labor, real or personal property taken does not exceed nine hundred fifty dollars ($950) shall be considered petty theft and shall be punished as a misdemeanor . . . ."

Thus, Tarood was eligible for resentencing only if the value of the property she stole did not exceed $950. However, she did not establish this fact.

In the *Wende* brief, Tarood's counsel points out that no one in the course of Tarood's petition proceedings addressed which party bore the burden to establish the value of the stolen items or whether the statements in the pre-sentence probation report were sufficient evidence to establish the value of the stolen property. This absence of discussion does not create an arguable appellate issue, however. Proposition 47 itself "is silent as to who has the burden of establishing whether a petition is eligible for resentencing. However, Evidence Code section 500 provides, '[e]xcept as otherwise provided by law, a party has the burden of proof as to each fact the existence or nonexistence of which is essential to the claim for relief or defense that he is asserting.' . . . Because . . . Proposition 47 does not provide otherwise, 'a petitioner for resentencing under Proposition 47 must establish his or her eligibility for such resentencing.' [Citations.] In a successful petition, the offender must set out a case for eligibility, stating and in some cases showing the offense of conviction has been

_____

[3] Tarood's petition also cites as a basis for reclassification section 1170.18, subdivision (d), but that subdivision applies only when a person is first resentenced pursuant to section 1170.18, subdivision (b).

reclassified as a misdemeanor and, where the offense of conviction is a theft crime reclassified based on the value of stolen property, showing the value of the property did not exceed $950. [Citations.] The defendant must attach information or evidence necessary to enable the court to determine eligibility." (*People v. Perkins*, *supra*, 244 Cal.App.4th at pp. 136–137.) Thus, Tarood had the burden of proving the value of the stolen property met the statutory requirement for reclassification of her offense. She failed to meet her burden.

## DISPOSITION

We conclude based on our independent review pursuant to *Wende* that there are no arguable appellate issues for our review. The order appealed from is affirmed.

_____
STEWART, J.

We concur.

_____
KLINE, P.J.

_____
RICHMAN, J.

4