Filed 4/28/16  P. v. Larner CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

**IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA**

**FOURTH APPELLATE DISTRICT**

**DIVISION TWO**

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E063090 |
| v. | (Super.Ct.No. SWF1303116) |
| AMBER NICOLE LARNER, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  Becky Dugan, Judge.  Affirmed.

Susan K. Shaler, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Scott C. Taylor, and Daniel Hilton, Deputy Attorneys General, for Plaintiff and Respondent.

1

Defendant and appellant Amber Nicole Larner pled guilty to one count of felony second degree burglary (Pen. Code, § 459, count 1), one count of felony identity theft (§ 530.5, subd. (a), count 3),[1] and admitted having a prior strike conviction (§§ 667, subds. (c), (e)(1), 1170.12, subd. (c)(1)).  On February 20, 2014, the superior court imposed a 64-month prison sentence composed of consecutive terms of two years on the burglary count and eight months on the identity theft count, each doubled because of the strike prior.

California voters later passed Proposition 47, which converted certain theft offenses into misdemeanors where the value of the stolen property does not exceed $950. (§ 459.5, subd. (a).)  Larner used the resentencing procedure created by Proposition 47 (§ 1170.18, subd. (a)) to petition for resentencing on both counts.  The superior court denied Larner's petition on the burglary count on the ground the conviction was based on Larner cashing a forged check worth more than $950 and denied her petition on count 3 on the ground the offense of conviction was not a qualifying felony.

On appeal, Larner contends the superior court erred in denying her petition on count 1 because the prosecution did not prove with competent evidence the value of the forged check exceeded $950.  She contends the prosecution had the burden of showing the value of the forged check exceeded $950 and could not meet that burden by relying

---

[1]    Unlabeled statutory citations refer to the Penal Code.

2

on a declaration from outside the record of conviction. Larner contends the prosecution's failure to carry its burden entitled her to resentencing.[2]

We affirm.

# I

## FACTUAL BACKGROUND

On February 6, 2014, Larner pled guilty to second degree burglary (§ 459) and identity theft (§ 530.5). On February 20, 2014, the superior court imposed a 64-month prison sentence, which included a sentence of two years on the burglary count, doubled because Larner admitted a strike prior.

On November 4, 2014, after Larner had begun serving her sentence, the voters of California passed Proposition 47, reducing some felony theft and drug possession offenses to misdemeanors. Subject to certain exceptions, Larner's burglary offense would now be misdemeanor shoplifting if the value of the property stolen did not exceed $950. (§ 459.5, subd. (a).) Proposition 47 also created a resentencing procedure allowing offenders to petition for resentencing if they are "currently serving a sentence for a conviction" for committing a felony and "would have been guilty of a misdemeanor under" the provisions added by Proposition 47. (§ 1170.18, subd. (a).)

On December 17, 2014, Larner filed a petition for resentencing on her burglary conviction. On January 30, 2015, the superior court denied the petition on the burglary

---

[2]    Larner does not appeal the denial of resentencing on her identity theft conviction.

3

conviction on the basis that Larner was convicted for cashing a forged check valued at $1,000. Larner did not present evidence respecting the value of the forged check and contends the record of conviction is silent on its value. The superior court reached its conclusion by considering evidence outside the record of conviction. Specifically, the court relied on a declaration in support of an arrest warrant executed by Deputy Sheriff Samuel Tully. The declaration stated that while inside the Soboba Casino in Hemet, California, Larner impersonated Jennifer L. and cashed a forged check worth $1,000.

## II

## DISCUSSION

Larner contends she was eligible to be resentenced unless the prosecution established, using evidence from the record of conviction, her burglary offense did not relate to a forged check with a value exceeding $950. Since the record of conviction was silent on that issue, and the prosecution relied on evidence from outside the record, she argues she was entitled to be resentenced. We disagree.

This case requires us to construe the language of an initiative measure, Proposition 47, and other statutory provisions. The same principles that govern construction of a statute enacted by the Legislature apply to construing a voter initiative. (*Taxpayers for Accountable School Bond Spending v. San Diego Unified School Dist.* (2013) 215 Cal.App.4th 1013, 1025-1026, 1056.) If the statutory language is not ambiguous, the plain meaning governs. (*Id.* at p. 1025.) Our review involves a pure question of law and is therefore de novo. (*Id.* at p. 1026.)

4

An offender who is currently serving a felony sentence for burglary (§ 459) may qualify to have her sentence recalled and receive a misdemeanor sentence where the facts show her offense has been reclassified as a misdemeanor. (§ 1170.18, subds. (a), (b)). Proposition 47 added section 459.5, subdivision (a), which specifies: "Notwithstanding Section 459, shoplifting is defined as entering a commercial establishment with intent to commit larceny while that establishment is open during regular business hours, where the value of the property that is taken or intended to be taken does not exceed nine hundred fifty dollars ($950)" and provides that, with certain exceptions, "[s]hoplifting shall be punished as a misdemeanor." Thus, Larner could be eligible for resentencing if her burglary conviction involved a theft that did not exceed $950.

However, it is settled by statute that "[e]xcept as otherwise provided by law, a party has the burden of proof as to each fact the existence or nonexistence of which is essential to the claim for relief or defense that he is asserting." (Evid. Code, § 500.) Proposition 47 itself is silent as to the burden of proof, so Evidence Code section 500 controls. As a result, a petitioner for resentencing under Proposition 47 must establish his or her eligibility for resentencing. (*People v. Perkins* (2016) 244 Cal.App.4th 129, 136-137 (*Perkins*).) In this case, Larner was required to establish the value of the forged check did not exceed $950.

5

Larner did not carry her burden. She simply checked the box on the petition form indicating she "believes the value of the check or property does not exceed $950." The petition attached no evidence, included no declaration, and provided no record citations to support the factual assertion that the forged check did not exceed $950 in value. Having failed to present such evidence, Larner failed to meet her burden of showing her felony conviction would have been shoplifting had Proposition 47 been in effect at the time of her conviction. The superior court therefore properly denied Larner's petition. (§ 1170.18, subd. (b) ["the court shall determine whether the defendant satisfies the criteria in subdivision (a)"].)

Larner contends we should refer to Evidence Code section 501 to locate the burden of proof on petitions brought under Penal Code section 1170.18. We disagree. Evidence Code section 501 provides that "[i]nsofar as any statute, except [Evidence Code s]ection 522, assigns the burden of proof in a criminal action, such statute is subject to Penal Code [s]ection 1096." Penal Code section 1096 in turn provides that "[a] defendant in a criminal action is presumed to be innocent until the contrary is proved, and in case of a reasonable doubt whether his or her guilt is satisfactorily shown, he or she is entitled to an acquittal, but the effect of this presumption is only to place upon the state the burden of proving him or her guilty beyond a reasonable doubt." These principles plainly applied to Larner before her conviction. But they have no relevance to a petition brought by a defendant to reduce a sentence after her conviction. Under that

6

circumstance, Larner is the party seeking relief, and Evidence Code section 500 provides that she carries the burden of proof. (*Perkins*, *supra*, 244 Cal.App.4th at pp. 136-137.)

Larner contends *People v. Guerrero* (1988) 44 Cal.3d 343 supports placing the burden of proof on the prosecution. We disagree. In *Guerrero*, the California Supreme Court recognized courts have applied a presumption in favor of the least offense punishable where the prosecution sought to enhance a current sentence based on the facts of a prior case. In such cases the *prosecution* has the burden of establishing enhancements apply. (*People v. Towers* (2007) 149 Cal.App.4th 1066, opn. mod. 150 Cal.App.4th 1273, 1277 ["The prosecution bears the burden of proving beyond a reasonable doubt that a defendant's prior convictions were for either serious or violent felonies"].) As a result, any failure of evidence defeats the ability of the prosecution to meet its burden to show the prior offense was subject to greater punishment, triggering an enhancement. Here, as we have discussed, Larner is seeking relief and therefore must carry the burden of showing her eligibility. The failure of proof therefore cuts against Larner.

*People v. Bradford* (2014) 227 Cal.App.4th 1322 does not support Larner's position. In *Bradford*, the Third Appellate District held that under the Three Strikes Reform Act of 2012 the prosecution was not permitted to go outside the record of conviction to establish that the defendant was ineligible for resentencing on the basis of the nature of his conviction. (*People v. Bradford*, *supra*, at p. 1339.) The *Bradford* court did not relieve the defendant of his burden of presenting evidence to support his petition.

7

On the contrary, the court indicated "the petitioner would be well advised to address eligibility concerns in the initial petition for resentencing." (*Id.* at p. 1341.) Here, Larner did not raise such issues and did not offer testimony or other evidence concerning the value of the forged check. (See *Perkins*, *supra*, 244 Cal.App.4th at p. 137.) Without such a showing, the superior court did not err in deciding Larner had not established her eligibility for resentencing.

Finally, Larner contends the superior court erred by ruling on her petition without holding a hearing. Proposition 47 "'does not expressly require the trial court to hold a hearing before considering the eligibility criteria, nor is there a reference to the taking of "evidence" or other proceeding that would compel involvement by the parties.' [Citation.]" (*Perkins*, *supra*, 244 Cal.App.4th at p. 137.) The statute simply states: "Upon receiving a petition under subdivision (a), the court shall determine whether the petitioner satisfies the criteria in subdivision (a). If the petitioner satisfies the criteria in subdivision (a), the petitioner's felony sentence shall be recalled and the petitioner resentenced to a misdemeanor." (§ 1170.18, subd. (b).) Thus, many petitions can be resolved based on the filings and information readily available to the superior court. (*Perkins*, *supra*, at p. 138 [noting in some cases "the superior court may be able to determine whether a petitioner is eligible for resentencing simply by consulting the record of conviction"].) Larner asserts without authority that resolving her petition without a hearing violated her due process rights. We see no basis for this contention where Larner has failed to present a factually supported petition.

8

We are aware Larner challenges the superior court's order denying her petition on the ground the court found the forged check exceeded $950 on the basis of evidence outside the record of conviction. However, on appeal we are concerned with the correctness of the superior court's determination, not the correctness of its reasoning. (*People v. Dawkins* (2014) 230 Cal.App.4th 991, 1004, as mod. (Oct. 21, 2014), review den. (Jan. 21, 2015) ["If right upon any theory of the law applicable to the case, [a decision] must be sustained regardless of the considerations which may have moved the trial court to its conclusion. [¶] . . . [¶] In other words, it is judicial action, and not judicial reasoning or argument, which is the subject of review; and, if the former be correct, we are not concerned with the faults of the latter. [Citation.]"].) As we have discussed, this record demonstrates Larner failed to carry her burden of establishing she was entitled to be resentenced, and Larner concedes the record of conviction is silent as to the amount of the check. Under such circumstances, the deficiency in the petition warrants affirming the superior court's order.

However, as the People concede, if Larner can present credible evidence that the forged check did not exceed $950, she can file another petition in the superior court. (See *Perkins*, *supra*, 244 Cal.App.4th at p. 140 ["In any new petition, [Larner] should describe the stolen property and attach some evidence, whether a declaration, court documents, record citations, or other probative evidence showing [she] is eligible for relief"].)

9

### III

### DISPOSITION

We affirm the order denying Larner's petition for resentencing without prejudice to her filing a new petition.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

SLOUGH_____
J.

We concur:

MILLER_____
P. J.

CODRINGTON_____
J.

10