Filed 5/6/16  P v. Tennyson CA4/2

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E063385 |
| v. | (Super.Ct.No. RIF1209901) |
| TREMAINE MARCELL TENNYSON, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  Becky Dugan, Judge. Affirmed.

Marta I. Stanton, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Andrew Mestman and Arlene A. Sevidal, Deputy Attorneys General, for Plaintiff and Respondent.

1

Defendant and appellant Tremaine Marcell Tennyson appeals after the trial court denied his application for resentencing under Penal Code section 1170.18. We affirm.

FACTS AND PROCEDURAL HISTORY

Defendant was charged by a felony complaint on November 21, 2012, with one count of first degree burglary, for entering a house with intent to commit theft or another felony, and one count of active participation in a criminal street gang. The complaint also alleged that defendant had a prior strike conviction, and alleged that defendant had suffered a prior serious or violent felony conviction, both based on a 2011 conviction for first degree burglary. Finally, the complaint alleged that the new offenses constituted a violation of defendant's probation in an earlier case.

In January 2013, before the preliminary hearing, defendant entered into a plea agreement. The complaint was amended orally to add a third count, a felony charge of receiving stolen property. Defendant agreed to plead guilty to first degree burglary and receiving stolen property; the gang offense would be dismissed. Defendant also agreed to admit his strike prior, but was not required to admit the prior serious and violent felony five-year enhancement. The agreed sentence was a term of five years four months in state prison.

At sentencing on January 31, 2013, the court imposed the agreed sentence. It selected the first degree burglary as the principal offense, and imposed the low term of two years; that term was doubled to four years because of defendant's strike prior. The court also imposed one-third the middle term on the receiving stolen property offense, or eight months, which was also doubled to 16 months because of defendant's strike. The

2

sentences were ordered to be served consecutively. Further, the court reserved jurisdiction on the issue of restitution. Defendant's plea agreement showed that he had agreed to pay victim restitution of $12,599.71. The court advised defendant that he would be able to seek a hearing if any dispute arose about the amount of restitution beyond the agreed sum.

Nearly one year later, in late December 2014, defendant filed a petition for resentencing or for reduction of the offense to a misdemeanor, pursuant to Penal Code section 1170.18, subdivisions (a) and (f). Defendant's petition did not purport to seek resentencing or redesignation of the offense as to the first degree burglary count. His petition applied only as to the receiving stolen property offense, and he stated his belief that the property involved in that offense was valued at $950 or less. He alleged that he was currently serving a prison sentence for that offense, as required by the statute.

The People responded to defendant's petition, noting that the first degree burglary offense was not one of the qualifying offenses listed in the statute, and asserting that the property subject to the receiving stolen property conviction was of a value greater than $950.

The trial court denied defendant's petition based on the restitution order for $12,599, as stated on defendant's plea agreement. He now appeals the denial of his petition.

ANALYSIS

I. Background of Proposition 47

On November 4, 2014, California voters enacted Proposition 47, The Safe Neighborhoods and Schools Act. Proposition 47 has the following provisions: (1) It requires a misdemeanor sentence instead of a felony sentence for certain drug possession offenses; (2) it requires a misdemeanor sentence instead of a felony sentence for the crimes of petty theft, receiving stolen property, and forging/writing bad checks, when the amount involved is $950 or less; (3) it allows a felony sentence (excluding a defendant from a misdemeanor sentence) for the crimes specified above if a defendant has a prior conviction listed under Penal Code section 667, subdivision (e)(2)(C)(iv), or a prior conviction for an offense requiring sex offender registration under Penal Code section 290; and (4) it requires resentencing for defendants serving felony sentences for the crimes specified above unless the trial court finds an unreasonable public safety risk. (Voter Information Guide, Gen. Elec. (Nov. 4, 2014) Official Title and Summary, pp. 34, 70; see, e.g., Pen. Code, §§ 459.5, subd. (a), 473, subd. (b), 476a, subd. (b), 490.2, subds. (a), (b), 496, subd. (a), 666, subds. (a), (b); Health & Saf. Code, §§ 11357, subd. (a), 11377, subds. (a), (b).) The initiative became effective on November 5, 2014. (Cal. Const., art. II, § 10, subd. (a) ["An initiative statute or referendum approved by a majority of votes thereon takes effect the day after the election unless the measure provides otherwise."].)

II. <u>Defendant Bore the Burden to Establish the Value of the Property Involved</u>

Defendant contends that the trial court erred in denying his petition as to the receiving stolen property conviction because there was no evidence on the face of the trial record that the value of the property involved in that charge exceeded $950. He argues that the prosecution should bear the burden of proof on the issue of the valuation of the property involved because, in order to achieve the conviction, it was the prosecution's burden of proving all elements of the crime, including the value of the property.

We consider *People v. Sherow* (2015) 239 Cal.App.4th 875 controlling on the issue. The *Sherow* court noted that Proposition 47 did not explicitly allocate the burden of proof on issues such as the value of property involved in a qualifying theft-related offense. (*Id*. at p. 878.) However, the court held that "a petitioner for resentencing under Proposition 47 must establish his or her eligibility for such resentencing. In such cases, it is important to keep in mind a person . . . was validly convicted under the law applicable at the time of the trial of the felony offenses. It is a rational allocation of burdens if the petitioner in such cases bears the burden of showing that he or she is eligible for resentencing of what was an otherwise valid sentence." (*Ibid*.) Allocating the burden of proof to the petitioner is fair and reasonable because the petitioner knows what property was involved in the offense (here, receiving stolen property). Defendant, of all people, knows what stolen property he pleaded guilty to possessing. It is not burdensome to require him to state, in his petition, his knowledge of the property involved and a fair and reasonable estimation of its value. A generic statement of belief that the value of the

5

property, not otherwise identified, did not exceed $950, is insufficient to state a prima facie case of eligibility for resentencing.  (See *People v. Perkins* (2016) 244 Cal.App.4th 129, 136.)  "Defendant did not meet his burden in this case.  Defendant submitted a form that asserted he was convicted for receipt of stolen property and that the value of the property did not exceed $950.  But he did not indicate anywhere on the form the factual basis of his claim regarding the value of the stolen property."  (*Id*. at p. 137.)  For this reason, the trial court properly denied defendant's petition for resentencing.

DISPOSITION

We affirm the order denying defendant's petition for resentencing of his conviction for receiving stolen property, but without prejudice to consideration of a subsequent petition that supplies evidence of his eligibility.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

McKINSTER

J.

We concur:


RAMIREZ

P. J.


CODRINGTON

J.

6