Filed 6/22/16  P. v. Lozada CA1/5

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

|  |  |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>VICTOR MELESIO LOZADA,<br><br>        Defendant and Appellant. | A145586<br><br>(Sonoma County<br>Super. Ct. No. SCR-23405) |

Victor Melesio Lozada appeals from an order denying his petition for resentencing under The Safe Neighborhoods and Schools Act (Pen. Code, § 1170.18), commonly known as Proposition 47.[1]  He contends the court erred because, in ruling Lozada had failed to establish that the stolen property in his possession had a value of $950 or less, the court relied on evidence that was inherently unreliable.  We will affirm the order.

## I.  FACTS AND PROCEDURAL HISTORY

### A.  Underlying Proceeding

A felony complaint accused Lozada of receiving stolen property.  (§ 496, subd. (a).)  It also alleged that he had served four prior prison terms.  (§ 667.5, subd. (b).)

At the preliminary hearing, Detective Anthony King of the Sonoma County Sheriff's Department testified that he investigated a "marijuana rip off" in Santa Rosa in October 2007.  Another officer detained Lozada, who was carrying a five-foot long bag with a shoulder strap.  King opened the bag, which he thought weighed about five or six pounds, and saw "fresh marijuana."  Lozada said the marijuana had been stolen from a

---

[1]        Except where otherwise indicated, all statutory references are to the Penal Code.

location on Kenmore Lane in Santa Rosa, but he had not stolen it; he received it in exchange for getting a friend a car.

Detective King, aware that marijuana had been reported stolen from the Kenmore Lane address, contacted Joseph Cota, who lived at the residence. Cota said he had a medical marijuana certificate and grew marijuana. When asked how much marijuana was stolen, Cota said his loss was $38,400.

On cross-examination, Detective King testified that the marijuana he saw inside the bag consisted of stalks of the plant, stacked in a bundle, but he could not guess how many stalks there were. The marijuana was fresh, not dried.

After the preliminary hearing and the filing of an Information, Lozada entered a plea of guilty to receiving stolen property (§ 496, subd. (a)) as a felony. The prior prison term allegations were stricken. In April 2008, the court denied probation and sentenced Lozada to 242 days in county jail.

B. Current Resentencing Proceeding

Following the enactment of Proposition 47, Lozada filed a petition to reduce his felony conviction for receiving stolen property to a misdemeanor pursuant to section 1170.18. The People opposed the petition, contending Lozada was statutorily ineligible for resentencing because the marijuana was worth more than $950.

At a May 2015 hearing on Lozada's resentencing petition, defense counsel noted that the sentencing court had not ordered any restitution. Counsel opted "to submit on the preliminary hearing transcript," pointing out the following in the transcript: (1) Detective King testified that the bag Lozada carried, which was five-feet long and one and a half feet in diameter, was not full and contained fresh rather than dried marijuana; and (2) King did not know how many stalks were in the bag. Counsel argued that to determine the value of the stolen property, "we really would have to speculate and look to a possible projected value that would occur in the future when these plants would have been mature and ripe for—in producing the type of fruit that we're—fruit or this plant could [*sic*] which would be the flowers and bud. And the plants were not in that state at this time."

2

Defense counsel also presented a portion of a booklet called "Cannabis Yield and Dosage," authored by Chris Conrad, a purported expert. According to counsel, the booklet stated that there is "a range of possible projections of what one plant would yield," and a "leaf or a stalk is not sold on the market anyway for medicinal marijuana." Counsel argued that there was "really no way to know the amount in this case, and we have what I would argue is a minimal amount of plants in the bag." Further, counsel claimed, victim Cota's estimate of the value of the stolen property at $38,400 was "not a credible figure" and there was no evidence to support it.

The court denied the resentencing petition, reasoning as follows: "[W]ith the burden being on the defense, I don't believe based on my review of the preliminary hearing transcripts that the defense met the burden of under $950. So I'm going to deny the motion to reduce under Prop 47. [¶] I'm not sure that the legislative intent for reducing 496 is really applied to illegal narcotics or marijuana, but at this point I think based on the preliminary hearing transcripts that it was over $950."

This appeal followed.

## II. DISCUSSION

Lozada contends the trial court violated his due process rights because it denied his resentencing petition based on the unreliable evidence of Cota's $38,400 estimate. (Citing, e.g., *U.S. v. Safirstein* (9th Cir. 1987) 827 F.2d 1380, 1385 ["reliance upon information which is materially untrue or, if not shown to be false, to be so lacking in indicia of reliability as to be of little value violates due process, and requires remand for resentencing"]; *People v. Eckley* (2004) 123 Cal.App.4th 1072, 1080 [the "court's reliance, in its sentencing and probation decisions, on factually erroneous sentencing reports or other incorrect or unreliable information" denied the defendant her right to due process].)

### A. Proposition 47

Among other things, Proposition 47 reduced the penalty for receiving stolen property. As amended by Proposition 47, subdivision (a) of section 496 provides: "if the value of the property does not exceed nine hundred fifty dollars ($950), the offense shall

3

be a misdemeanor, punishable only by imprisonment in a county jail not exceeding one year . . . ."

A person who received a felony sentence under section 496, subdivision (a) before enactment of Proposition 47 may, in some circumstances, petition the court for resentencing. (§ 1170.18.) The petitioner bears the burden of proving that he or she is eligible for resentencing by showing that the value of the property involved in the offense did not exceed $950. (*People v. Sherow* (2015) 239 Cal.App.4th 875, 879.) "A proper petition could certainly contain at least [petitioner's] testimony about the nature of the items taken. If [the petitioner] made the initial showing the court can take such action as appropriate to grant the petition or permit further factual determination." (*Id.* at p. 880; *People v. Perkins* (2016) 244 Cal.App.4th 129, 137 ["The defendant must attach [to the petition] information or evidence necessary to enable the court to determine eligibility."])

B. Analysis

Lozada's petition did not include any evidence or argument as to the value of the marijuana; it did not even allege that its value was $950 or less. Instead, at the hearing Lozada relied on the preliminary hearing transcript and a portion of a booklet on cannabis yield.

The preliminary hearing transcript showed that victim Cota calculated his loss as $38,400. Although defense counsel argued at the hearing that this amount was "not a credible figure," he did not specify what would be a reasonable value, much less support a value of $950 or less. Based on the booklet on cannabis yield, counsel argued that the yield from one marijuana plant covers a wide range. Again, however, he never proposed a dollar value or even a range of value. To the contrary, he admitted that one would have to "speculate" about the "possible projected value" and there was "really no way to know the amount in this case."

Based on the evidence in the record, the trial court did not err in concluding that Lozada failed to establish, even on a prima facie basis, that the stolen property in his possession had a value of $950 or less. The court therefore did not err in concluding Lozada was ineligible for resentencing.

4

C.  Lozada's Argument

Lozada argues that Cota had a medical marijuana card and was therefore entitled to the protections of the Medical Marijuana Program (MMP).  (Health & Saf. Code, § 11362.7 et seq.)  The MMP specifies that a "qualified patient or primary caregiver may possess no more than eight ounces of *dried* marijuana per qualified patient."  (Health & Saf. Code, § 11362.77. Italics added.)  Moreover, "[o]nly the *dried* mature processed flowers of *female* cannabis plant or the plant conversion shall be considered when determining allowable quantities of marijuana under this section."  (Health & Saf. Code, § 11362.77, subd. (d).  Italics added.)  Lozada therefore insists that the *fresh* marijuana he was holding had no value, or at least Cota's $38,400 estimate was wholly speculative and thus inherently unreliable.

Lozada's argument is without merit.  In the first place, the MMP merely defines the amount of dried matured processed flowers of female cannabis a qualified person may *possess*.  It says nothing about the *value* of marijuana, whether fresh or dried, let alone that only dried marijuana has value.  Furthermore, while the MMP refers only to dried marijuana, dried marijuana is obviously produced from fresh marijuana; so if dried marijuana has value under the medical marijuana program, a reasonable inference is that the fresh marijuana in Lozada's bag had value in its potential for use.  And, while Lozada claims that only female plants are included in ascertaining the allowable quantity, there is no evidence in the record that the marijuana Lozada possessed was *not* female.

Next, Lozada argues:  "While drying fresh marijuana plants at some point in the future *might* 'produce usable bud and leaf,' there is no credible evidence before this court that it 'would produce' . . . quantifiable, usable bud and leaf . . . . 'Speculation does not constitute substantial evidence.' (*People v. Lewis* (2001) 26 Cal.4th 334, 369.)"  But that is precisely the point.  It was Lozada's burden to show, at least on a prima facie basis, that the value was $950 or less; defense counsel's acknowledgement that it would be speculative, based on the evidence in the record, to ascertain the value of the marijuana in Lozada's bag, only confirms that Lozada failed to provide substantial evidence the contents were worth no more than $950.

5

Lozada also refers us to *United States v. Osburn* (11th Cir. 1992) 955 F.2d 1500, which stated that "[m]arijuana is defined as the dried leaves and flowery tops of the cannabis sativa," and 21 U.S.C. § 802(16) "specifically *excludes the plants' stalks and stems* from the definition of marijuana." (*Osburn, supra*, 955 F.3d at p. 1503 fn. 2. Italics added.) From this, Lozada argues that marijuana plant stalks are not considered marijuana, and thus have no value. He adds that the "Cannabis Yield and Dosage" booklet also indicates only the bud, and not the stems, can be used as medical marijuana. Arguing that he only possessed stalks of the plant, he claims he was not possessing anything of value.

This argument is meritless as well. While Detective King stated that Lozada's bag contained "stalks of the plant" and "not roots or any dirt," it is not clear that he meant the stalks no longer had any buds. But even if he did, *Osburn* did not address the value of marijuana, but the constitutionality of a federal law punishing individuals convicted of possessing marijuana in proportion to the number of plants they possessed. And, even if federal law does not criminalize the possession of stalks or stems, that does not mean the stalks and stems have no *value*—whether on the street as a drug or for some medicinal, household, or other purpose. The "Cannabis Yield and Dosage" booklet does not mention a value for marijuana stalks or establish that they are without value. [2]

Finally, Lozada's argument that Cota's $38,400 estimate was inherently unreliable is misplaced. Evidence may be inherently unreliable if there is "either a physical

---

[2] Indeed, it was agreed at the preliminary hearing that the marijuana in Lozada's possession had value. The following exchange occurred during the direct examination of Detective King: "Q. And did you talk to any of the Sonoma County Sheriffs Deputies that are assigned to Narcotics to get an proximate [*sic*] value of the marijuana? [¶] A. I did. I spoke with Terry White who's a Narcotics officer for the Sheriff's Department. [¶] Q. And did he give you an proximate [*sic*] value for that much marijuana? [¶] MR. KINNISON [defense counsel]: I'd object. It's not relevant to anything charged in the complaint. [¶] THE COURT: Yeah. It's 496. [¶] MR. McBRIDE [prosecutor]: I just wanted to show that it has some value. [¶] MR. KINNISON: *We agree it has some value*. [¶] MR. McBRIDE: Okay. Thank you. [¶] THE COURT: So you stipulate? [¶] MR. KINNISON: Yes. [¶] THE COURT: For prelim. All right." (Italics added.)

impossibility" that the witness's statements are true "or their falsity [is] apparent without resorting to inferences or deductions." (*People v. Thornton* (1974) 11 Cal.3d 738, 754.) But here, whether the $38,400 figure is inherently unreliable is beside the point. The trial court did not find, or need to find, that the stolen property in Lozada's possession *was* worth $38,400. The only question before the court—and the only question on which the court ruled—was whether Lozada had made a sufficient showing that the stolen property in his possession had a value of $950 or less. The court did not err in concluding that Lozada failed to meet this burden.

### III. DISPOSITION

The order is affirmed.

_____

NEEDHAM, J.

We concur.

_____

SIMONS, ACTING P.J.

_____

BRUINIERS, J.

(145586)

8