Filed 7/8/16  P. v. Joachim CA1/5
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

THE PEOPLE,

    Plaintiff and Respondent,

    v.

DUANE SCOTT JOACHIM,

    Defendant and Appellant.

_____/

    A146701

    (Napa County
    Super. Ct. No. CR157106)

Duane Scott Joachim appeals from the trial court's denial of his petition to reduce his receiving stolen property conviction (Pen. Code, § 496, subd. (a))[1] from a felony to a misdemeanor pursuant to section 1170.18.  Having reviewed the record as required by *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*), we find no arguable appellate issue and affirm.

FACTUAL AND PROCEDURAL BACKGROUND

In 2011, law enforcement officers investigating a residential burglary arrested Joachim and seized $6,647 from his wallet.  As relevant here, the prosecution charged Joachim with receiving stolen property (§ 496, subd. (a)) and alleged a prior conviction

_____

[1]    Unless noted, all further statutory references are to the Penal Code.

1

(§ 667.5, subd. (b)). In 2012, a jury convicted Joachim of receiving stolen property (§ 496, subd. (a)) and he admitted the sentencing enhancement (§ 667.5). The court sentenced Joachim to two years in state prison.[2] In 2014 — and pursuant to the parties' stipulation — the court returned $3,000 to its owner, K.B., $1,050 to the California Service Bureau, and $2,397 to Joachim.

In 2015, Joachim petitioned in propria persona to have his conviction reduced to a misdemeanor pursuant to Proposition 47, claiming the value of the stolen property did "not exceed $950[.]" (§§ 490.2, 1170.18, subd. (a)). The prosecution opposed the motion. Relying in part on this court's opinion in *People v. Joachim* (Apr. 12, 2013, A135323) [nonpub. opn.]), the prosecution argued Joachim was "in possession of at least $3000 in stolen money" when he was arrested. The court appointed an attorney for Joachim and set a hearing date. At the hearing, Joachim's attorney "submit[t]ed" and the court denied the petition "based upon the amount that was involved."

DISCUSSION

Joachim appealed. His appointed counsel filed an opening brief raising no issues pursuant to *Wende*. Counsel informed Joachim he had the right to file a supplemental brief on his own behalf but Joachim declined to do so. We have reviewed the record pursuant to *Wende* and find no reasonably arguable appellate issue. Joachim, who was ably represented by counsel, did not satisfy his burden to establish the value of the stolen property did not exceed $950. (*People v. Sherow* (2015) 239 Cal.App.4th 875, 878-880; *People v. Perkins* (2016) 244 Cal.App.4th 129, 137.) An appellate opinion is part of the record of conviction and may be considered in reviewing denial of resentencing. (See *People v. Guilford* (2014) 228 Cal.App.4th 651, 659-660.)

---

[2]     Case numbers CR15706 and CR159624 were consolidated for trial. Joachim appealed from the conviction and this court affirmed. (*People v. Joachim* (Apr. 12, 2013, A135323) [nonpub. opn.].)

2

## DISPOSITION

The denial of Joachim's petition for resentencing (§ 1170.18) is affirmed.

_____

Jones, P.J.

We concur:

_____

Simons, J.

_____

Needham, J.