Filed 5/24/16  P. v. Petrill CA2/6

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>SARA ASHLEY PETRILL,<br><br>    Defendant and Appellant. | 2d Crim. No. B264529<br>(Super. Ct. No. 14C-00279-A)<br>(San Luis Obispo County) |

Sara Ashley Petrill appeals a postjudgment order denying her petition to recall her felony sentence and reduce her convictions for second degree commercial burglary (Pen. Code, § 459)[1] to misdemeanors pursuant to Proposition 47, the Safe Neighborhoods and Schools Act (§ 1170.18, subd. (b)).  The trial court denied the petition on the ground that appellant had not met her burden of proving eligibility for resentencing.  (§ 1170.18, subd. (a).)  We affirm.

In 2014, appellant manufactured fraudulent credit cards and gift cards and used the cards to make purchases at retail stores.  When appellant was arrested, she had a card embossing machine, blank access cards, counterfeit access cards, a stolen ID card, a credit card associated with the stolen ID, gift cards that were bought with stolen information, and a computer with hundreds of stolen credit card numbers.  Appellant

---

[1] All statutory references are to the Penal Code unless otherwise stated.

used a counterfeit credit card to rent a hotel room and a car, which contained merchandise purchased with fraudulent access and gift cards.

Appellant pled no contest to five counts of second degree commercial burglary (counts 4, 7, 10, 13, and 16; § 459) and one count of possessing equipment to counterfeit access cards (count 3; § 484i, subd. (c)). Pursuant to the negotiated plea, appellant admitted two prior prison enhancements (§ 667.5, subd. (b)) and was sentenced to five years in county jail.[2]

On January 16, 2015, after the enactment of Proposition 47, appellant petitioned for resentencing based on the theory that each commercial burglary involved the theft of property not exceeding $950 in value, and argued that the convictions should be reduced to misdemeanor shoplifting. Appellant, however, offered no evidence concerning the facts of each burglary or the value of the property stolen. The superior court found that it had to go by the language of the amended complaint which alleged that the burglary counts were for "larceny and a felony." Denying the petition, the court found that the felonies charged "were not just theft, but they were fraud and identity theft" and "even though the plea didn't say that, she pled to those counts and that's what the counts say on the complaint, so I think that's what we have to go by."

*Proposition 47 Eligibility*

Proposition 47 reduces most possessory drug offenses and thefts of property valued at less than $950 to straight misdemeanors. (See Couzens et al., Sentencing California Crimes (The Rutter Group 2015) § 25:1, p. 25-2.) Section 1170.18, subdivision (a) enumerates the types of felonies that are misdemeanors (§§ 459.5, 473, 476a, 490.2, 496, & 666) and provides that shoplifting (§ 459.5, subd. (a)) is a misdemeanor if the value of the property taken does not exceed $950. "Under

---

[2]As part of the plea bargain, the trial court dismissed one count for misrepresenting as an access card holder (§ 484g, subd. (b); count 1), one count of possessing counterfeiting equipment and cards (§ 484i, subd. (b); count 2), four counts for forging access cards to defraud (§ 484f, subd. (a); counts 5, 8, 11, and 17), three counts for forging a name on access cards (§ 484f, subd. (b); counts 6, 9, and 12), and one count of theft of identifying information (§ 530.3, subd. (a); count 14).

section 1170.18, a person 'currently serving' a felony sentence for an offense that is now a misdemeanor under Proposition 47, may petition for a recall of that sentence and request resentencing in accordance with the statutes that were added or amended by Proposition 47. (§ 1170.18, subd. (a).) A person who satisfies the criteria in section 1170.18 shall have his or her sentence recalled and be 'resentenced to a misdemeanor . . . unless the court, in its discretion, determines that resentencing the petitioner would pose an unreasonable risk of danger to public safety.' (§ 1170.18, subd. (b).)" (*People v. Rivera* (2015) 233 Cal.App.4th 1085, 1092.)

Appellant bears the burden of demonstrating that the burglary convictions qualify for resentencing. (*People v. Sherow* (2015) 239 Cal.App.4th 875, 879; *People v. Perkins* (2016) 244 Cal.App.4th 129, 137.) Other than a minute order listing the charges in the amended complaint, no evidence was offered. The petition is devoid of information about the offenses on which appellant was convicted or the value of the property stolen in each burglary.

Citing *People v. Guerrero* (1988) 44 Cal.3d 343, appellant argues that the court should look to the entire record of conviction. Here, the record on appeal is limited to the Proposition 47 petition and the prejudgment minute orders. Although the January 29, 2014 minute order states that the trial court found a "factual basis" for the change of plea, it does not state what it was.[3] A year later, at the hearing on the resentencing petition, appellant argued that she entered five retail stores to commit larceny and "that's what was discovered in the car, and that was a factual basis of the plea . . . ." Appellant failed to submit a police report, a probation report, an incident report, or a declaration to establish eligibility for resentencing.

---

[3] Appellant's request for judicial notice of the January 29, 2014 change of plea transcript is denied because it was not considered by the superior court at the hearing on the resentencing petition. The record, as proffered by appellant, indicates that the prosecution and defense counsel stipulated to a factual basis for the plea based on the amended complaint and incident reports. There was no discussion about the value of the property taken in each burglary or underlying facts.

The onus was on appellant to make a prima facie showing that all of the elements of misdemeanor shoplifting were satisfied. (§ 1170.18, subd. (a); *People v. Sherow, supra*, 239 Cal.App.4th at pp. 879-880.) It is settled that the defendant must submit information or evidence necessary to enable the court to determine eligibility. (*Ibid.*; *People v. Perkins, supra*, 244 Cal.App.4th at pp. 137-138; *People v. Rivas-Colon* (2015) 241 Cal.App.4th 444, 449-450.) Where "the crime under consideration is a theft offense under sections 459.5, 473, 476a, 490.2, or 496, the petitioner will have the additional burden of proving the value of the property did not exceed $950." (Couzens et al., Sentencing California Crimes, *supra*, § 25:6, p. 25-42; see e.g., *People v. Valencia* (2016) 245 Cal.App.4th 730, 735 [entry into a business to purchase a $249.74 prepaid phone card with counterfeit $50 bills qualifies as "shoplifting" under section 459.5.)

Appellant has not identified the property taken in each burglary or cited to the record of conviction to support her claim that each taking did not exceed $950 in value. Appellant's blanket request for resentencing, without any effort to discuss the facts surrounding the offenses or the value of the property taken, was fatally defective. (*People v. Sherow*, *supra*, 239 Cal.App.4th at p. 877.) The trial court did not err in denying the petition.

The judgment (order denying petition for resentencing) is affirmed.

NOT TO BE PUBLISHED.


YEGAN, J.

We concur:


GILBERT, P. J.


TANGEMAN, J.

4

Hugh H. Mullin, Judge

Superior Court County of San Luis Obispo

_____

Laini Millar Melnick, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, Andrew S. Pruitt, Mary Sanchez, Rene Judkiewicz, Deputy Attorneys General, for Plaintiff and Respondent.