Filed 6/27/16  P. v. Taylor CA2/3

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>  Plaintiff and Respondent,<br><br>v.<br><br>LARRY TAYLOR,<br><br>  Defendant and Appellant. | B262213<br><br>(Los Angeles County<br>Super. Ct. No. KA079685) |

APPEAL from an order of the Superior Court of Los Angeles County, Jack P. Hunt, Judge.  Affirmed.

Caneel C. Fraser, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Lance E. Winters, Assistant Attorney General, Mary Sanchez and Zee Rodriguez, Deputy Attorneys General, for Plaintiff and Respondent.

Larry Taylor filed a petition for resentencing under Proposition 47, the Safe Neighborhood and Schools Act (Proposition 47), asking that his second degree burglary convictions be reduced to misdemeanors. The trial court summarily denied the petition. On appeal, Taylor contends he was entitled to resentencing because the conduct underlying his convictions meets the statutory definition of shoplifting under Penal Code section 459.5 and petty theft under section 490.2.[1] We conclude that Taylor did not meet his initial burden of proof as the petitioner under Proposition 47 because he did not indicate whether the value of the stolen property in each count did not exceed $950. Accordingly, we affirm. We conclude, however, that defendant may file a new petition that supplies further information about his eligibility.

### FACTUAL AND PROCEDURAL BACKGROUND

In 2007, Taylor was charged with 16 counts of second degree burglary (§ 459; counts 1, 4-10, 12-16 & 18-20), two counts of identity theft (§ 530.5, subd. (a); counts 2 & 11), one count of forgery (§ 470, subd. (d); count 3), and one count of grand theft (§ 484e, subd. (b); count 17). He entered a no contest plea to counts 1, 4, 6, 7, 9, 12 and 13.[2] The remaining counts were dismissed. The trial court sentenced Taylor to 12 years 8 months in state prison.

In 2014, the voters enacted Proposition 47. The proposition "reduces penalties for certain offenders convicted of nonserious and nonviolent property and drug crimes" and "allows certain offenders who have been previously convicted of such crimes to apply for reduced sentences." (Voter Information Guide for 2014, General Election, analysis by the Legis. Analyst, p. 35.) "Proposition 47 added section 459.5, which classifies shoplifting as a misdemeanor 'where the value of the property that is taken or intended to be taken does not exceed nine hundred fifty dollars ($950).' [Citation.] " (*People v. Rivas-Colon* (2015) 241 Cal.App.4th 444, 448.) Proposition 47 also added section 490.2

---

[1] All further statutory references are to the Penal Code unless otherwise stated.

[2] He also pled nolo contendere to one charge of identity theft but that count is not at issue with respect to his Proposition 47 petition.

which provides that "obtaining any property by theft where the value of the money, labor, real or personal property taken does not exceed nine hundred fifty dollars ($950) shall be considered petty theft and shall be punished as a misdemeanor . . . ." (§ 490.2, subd. (a).) In addition, Proposition 47 created a process whereby persons serving a felony sentence for a crime that would be a misdemeanor under Proposition 47 may petition for resentencing. (§ 1170.18.)

On November 20, 2014, Taylor filed a petition for writ of habeas corpus seeking resentencing under Proposition 47. The court denied the petition as follows: "The Defendant is requesting relief pursuant to Prop 47. No Proof of Service filed. Defendant is to be notified and provided with a blank Application/Petition, and blank Proof of Service."[3]

On December 23, 2014, Taylor filed the "Application/Petition" for resentencing. This form was adopted for use by the Los Angeles Superior Court. His completed petition provided that he was serving a sentence for a second degree burglary conviction, identified a prior conviction for identity theft (§ 530.5), and requested that he be resentenced to a misdemeanor sentence pursuant to section 1170.18. No response or opposition was filed. The trial court denied the petition. Taylor filed a timely notice of appeal.

### CONTENTIONS

Taylor contends the court erred in denying his petition for resentencing because the conduct underlying his convictions meets the statutory definition of shoplifting under section 459.5 or petty theft under section 490.2, misdemeanors added to the Penal Code by Proposition 47. The People contend that Taylor did not meet his burden of demonstrating that the value of the stolen property for each of his convictions did not exceed $950 such that his convictions qualified as shoplifting or petty theft.

---

[3] We take judicial notice of the petition for writ of habeas corpus and order denying it in the superior court file.

3

## DISCUSSION

1. *Statutory Interpretation*

The issues raised by appellant and respondent require us to interpret Proposition 47. In interpreting the proposition, we apply principles of both statutory and initiative interpretation, which are identical. (*People v. Rivera* (2015) 233 Cal.App.4th 1085, 1099 (*Rivera*).) " ' "The fundamental purpose of statutory construction is to ascertain the intent of the lawmakers so as to effectuate the purpose of the law. [Citations.]" ' [Citation.] In the case of a provision adopted by the voters, 'their intent governs.' [Citation.] [¶] 'In determining such intent, we begin with the language of the statute itself.' [Citation.] We look first to the words the voters used, giving them their usual and ordinary meaning. ' "If there is no ambiguity in the language of the statute, then . . . the plain meaning of the language governs.' " [Citation.] "But when the statutory language is ambiguous, 'the court may examine the context in which the language appears, adopting the construction that best harmonizes the statute internally and with related statutes.' " [Citation.] [¶] In construing a statute, we must also consider " 'the object to be achieved and the evil to be prevented by the legislation.' " [Citations.]' " (*Id.* at pp. 1099−1100.)

2. *Proposition 47*

"Proposition 47 . . . created a new resentencing provision: section 1170.18. Under section 1170.18, a person 'currently serving' a felony sentence for an offense that is now a misdemeanor under Proposition 47, may petition for a recall of that sentence and request resentencing in accordance with the statutes that were added or amended by Proposition 47. (§ 1170.18, subd. (a).) A person who satisfies the criteria in section 1170.18 shall have his or her sentence recalled and be 'resentenced to a misdemeanor . . . unless the court, in its discretion, determines that resentencing the petitioner would pose an unreasonable risk of danger to public safety.' (§ 1170.18, subd. (b).)" (*Rivera, supra,* 233 Cal.App.4th at p. 1092.)

"The resentencing process is initiated by the petitioner with the filing of a petition. . . . [¶] No particular form of petition is specified by the initiative. A number of

4

courts have created forms for optional use by the petitioner." (Couzens, et al., Sentencing California Crimes (The Rutter Group 2015) ¶ 25:6, p. 23.) There is no right to counsel in connection with the preparation of the petition. (*Id.*, ¶ 25:8, p. 44.)

"The second step of the process is the screening of the petition for eligibility. Such a review undoubtedly will be based on the court's file, including the petitioner's record of convictions. The court will be able to summarily deny relief based on any petition that is facially deficient. . . . [¶] The initial screening must be limited to a determination of whether the petitioner has presented a prima facie basis for relief under section 1170.18. . . . [¶] . . . [¶]

"To properly rule on the petition, the court should request a copy of the petitioner's criminal record from the district attorney, the probation department, or CDCR. While most initial screenings may be accomplished with a review of the petitioner's record, there may be circumstances in which additional facts will be required. For example, it may not be possible from a review of the record alone to determine the value of property taken. If, however, the record review of the petition states a prima facie basis for granting relief, the court should grant the petitioner a full qualification hearing at which any additional evidence may be received on the issue of eligibility." (Couzens, et al., *supra*, Sentencing California Crimes, ¶ 25:6, p. 24.)

3.      *The Petitioner's Burden Under Proposition 47*

Taylor's petition provided the following facts: he was convicted of second degree burglary in violation of section 459, he was currently serving a sentence for those offenses, and he had previously been convicted of violating section 530.5. The People now argue that Taylor, as the petitioner seeking relief under Proposition 47, did not meet his burden of showing that he was eligible for resentencing because his petition did not indicate whether the value of the stolen property on each count did not exceed $950 such that his burglary convictions qualified as misdemeanor shoplifting or petty theft. We agree.

"[Section 1170.18] is silent as to who has the burden of establishing whether a petitioner is eligible for resentencing." (*People v. Perkins* (2016) 244 Cal.App.4th 129,

5

136 (*Perkins*).) *People v. Sherow* (2015) 239 Cal.App.4th 875 (*Sherow*) held that the petitioner bears this burden. In *Sherow*, the defendant petitioned for resentencing under Proposition 47 as to his five convictions for second degree burglary. (*Id.* at p. 877.) The prosecutor opposed the resentencing on the ground the loss exceeded $950. (*Ibid.*) The trial court found that the loss exceeded $100,000 and denied the petition. (*Ibid.*) The defendant appealed only as to counts 1 and 2. (*Ibid.*)

The court of appeal affirmed, holding that a Proposition 47 petitioner bears the burden of proof to establish he is eligible for resentencing and the defendant's petition did not show that the value of the stolen property in counts 1 and 2 did not exceed $950. (*Sherow*, *supra*, 239 Cal.App.4th at p. 880.) The court cited to Evidence Code section 500 which provides, "[e]xcept as otherwise provided by law, a party has the burden of proof as to each fact the existence or nonexistence of which is essential to the claim for relief or defense that he is asserting." (*Sherow*, *supra*, at p. 879.)

The *Sherow* court reasoned that "[a]pplying the burden to [the defendant] would not be unfair or unreasonable. He knows what kind of items he took from the stores in count 1 and 2. At the time of trial it was not necessary for the prosecution to prove the value of the loss to prove second degree burglary. Thus there is apparently no record of value in the trial record. [¶] A proper petition could certainly contain at least [the defendant's] testimony about the nature of the items taken." (*Sherow*, *supra*, 239 Cal.App.4th at p. 880.) The court found that the petition at issue gave virtually "no information regarding [the defendant's] eligibility . . . for resentencing" and, thus, the defendant had not met his burden of proof. (*Id.* at p. 880.) The court affirmed the denial of the petition "without prejudice to subsequent consideration of a properly filed petition." (*Id.* at p. 881.)

Although Taylor acknowledges that Evidence Code 500 establishes that the Proposition 47 petitioner bears the initial burden of showing that his conviction is eligible for resentencing, he contends that the trial court must also apply the presumption that, where the record is silent, a conviction must be presumed to be for the least serious offense possible, citing *People v. Guerrero* (1988) 44 Cal.3d 343, 352 (*Guerrero*).

6

However, *Guerrero* does not apply here: it addressed the prosecution's burden to show that a prior conviction qualified as a serious felony for the purpose of imposing an enhancement. (*Id.* at p. 352.) By contrast, the resentencing provisions of Proposition 47 involve defendants who have been proven guilty of their offenses beyond a reasonable doubt and do not provide for increased punishment.

We agree with *Sherow* that a defendant who petitions for Proposition 47 relief bears the initial burden of proof to show he is eligible for resentencing. Here, although the trial court did not state its reasons for denying the petition, it implicitly concluded that the defendant had not made this *prima facie* showing of eligibility for resentencing. Such a showing must include information that the value of the stolen property did not exceed $950 and Taylor's petition did not provide this. (See *Sherow*, *supra*, 239 Cal.App.4th at p. 880; *Perkins*, *supra*, 244 Cal.App.4th at pp. 139–140.)

We echo the concerns voiced in *Perkins*, *supra*, 244 Cal.App.4th 129 that the superior court form petition that was provided to Taylor may have "misled" him "about the requirements of petitioning for relief under Proposition 47. . . . [T]he form defendant used to petition includes no space for and no directions to include evidence or information regarding the value of stolen property." (*Id.* at pp. 139-140.) However, since Taylor filed his petition, the superior court has revised the form used for petitioning for resentencing under Proposition 47 and the form now includes a check box as to whether "[t]he amount in question is not more than $950."

As in *Perkins*, we conclude that the proper remedy is to affirm the order denying the petition without prejudice to subsequent consideration of a new petition. (See *Perkins*, *supra*, 244 Cal.App.4th at p. 140; see also *Sherow*, *supra*, 239 Cal.App.4th at p. 881.) In any new petition, Taylor should provide information as to whether the loss associated with each of his burglary convictions was not more than $950, for example, by checking the box on the superior court form indicating "[t]he amount in question is not more than $950." Under section 1170.18, he must file such a petition by November 5, 2017, absent a good cause showing for a later filing. (§ 1170.18, subd. (j).)

7

*DISPOSITION*

We affirm the order denying Taylor's petition for resentencing without prejudice to consideration of a subsequent petition under Proposition 47.[4]

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

EDMON, P. J.

We concur:

LAVIN, J.

HOGUE, J.[*]

---

[4] Because we hold that Taylor did not meet his initial burden of proof, we do not reach respondent's arguments regarding the definition of "shoplifting" under section 459.5 or whether the "intent to commit larceny" in section 459.5 may be satisfied by the intent to commit theft by false pretenses. Both of these issues are under review in the Supreme Court. (See *People v. Valencia* (2016) 245 Cal.App.4th 730; *People v. Root* (2016) 245 Cal.App.4th 353.)

[*] Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.