Filed 6/28/16  P. v. Thomas CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

**IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA**

**FOURTH APPELLATE DISTRICT**

**DIVISION TWO**

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E064089 |
| v. | (Super.Ct.No. FVI014090) |
| MELINDA KAY THOMAS, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County.  Donald R. Alvarez and Miriam Ivy Morton, Judges.  Affirmed.

Thea Greenhalgh, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, and Eric A. Swenson, Kristine A. Gutierrez and Lynne G. McGinnis, Deputy Attorneys General, for Plaintiff and Respondent.

1

Pursuant to a plea agreement, defendant and appellant Melinda Kay Thomas pleaded guilty to unlawfully taking or driving a vehicle. (Veh. Code, § 10851, subd. (a).) Subsequently, California voters enacted Proposition 47, the Safe Neighborhoods and Schools Act, which, among other things, established a procedure for specified classes of offenders to have their felony convictions reduced to misdemeanors and be resentenced accordingly. (Pen. Code,[1] § 1170.18.) Defendant filed a petition for resentencing pursuant to section 1170.18. The trial court found him ineligible for relief and denied the petition. Defendant appeals, arguing the court erred in finding him ineligible, and that the failure to apply Proposition 47 violated equal protection. We affirm.

## I. FACTS AND PROCEDURAL BACKGROUND

On October 1, 2001, defendant was charged with three counts, the unlawful taking or driving of a vehicle, to-wit, a 1986 Hyundai (Veh. Code, § 10851, subd. (a)), and two counts of forgery (§ 475, subds. (a), (b)). On December 7, 2001, defendant pleaded guilty to unlawfully taking or driving a vehicle. She was sentenced to the low term of 16 months in state prison, to run concurrent to another sentence case No. FMB004256.[2]

On May 8, 2015, defendant filed a petition pursuant to Penal Code section 1170.18 (Proposition 47), requesting redesignation of her Vehicle Code offense as a misdemeanor and resentencing. The trial court denied the petition on the ground that defendant was not

---

[1] All further statutory references are to the Penal Code unless otherwise indicated.

[2] Judge Alvarez conducted defendant's plea hearing on December 7, 2001.

2

eligible for resentencing because unlawful taking or driving of a vehicle is not one of the crimes specified in section 1170.18.[3]

## II.  DISCUSSION

### A.  Proposition 47.

On November 4, 2014, voters enacted Proposition 47, and it went into effect the next day.  (Cal. Const., art. II, § 10, subd. (a).)  "Proposition 47 makes certain drug- and theft-related offenses misdemeanors, unless the offenses were committed by certain ineligible defendants.  These offenses had previously been designated as either felonies or wobblers (crimes that can be punished as either felonies or misdemeanors)."  (*People v. Rivera* (2015) 233 Cal.App.4th 1085, 1091.)  "Proposition 47 also created a new resentencing provision:  section 1170.18.  Under section 1170.18, a person 'currently serving' a felony sentence for an offense that is now a misdemeanor under Proposition 47, may petition for a recall of that sentence and request resentencing in accordance with the statutes that were added or amended by Proposition 47."  (*Id.* at p. 1092)

As relevant to the present case, Proposition 47 added section 490.2, which provides as follows:  "Notwithstanding Section 487 or any other provision of law defining grand theft, obtaining any property by theft where the value of the money, labor, real or personal property taken does not exceed nine hundred fifty dollars ($950) shall be considered petty theft and shall be punished as a misdemeanor . . . ."  (§ 490.2, subd. (a).)

---

[3]  Judge Morton heard defendant's resentencing petition on June 12, 2015.

Section 490.2 is explicitly listed in section 1170.18 as one of "those sections [that] have been amended or added" by Proposition 47. (§ 1170.18, subd. (a).)

## B. Eligibility.

Defendant argues that he is eligible for relief because Penal Code section 1170.18, subdivision (a), refers to Penal Code section 490.2 (petty theft), which includes all thefts of items with a value under $950, including vehicle thefts. He reasons that Penal Code section 1170.18 explicitly applies to violations of Penal Code section 487, through the introductory clause of Penal Code section 490.2, so it must apply to lesser included offenses of Penal Code section 487, including Vehicle Code section 10851.

The issue of whether a defendant convicted of violating Vehicle Code section 10851 may be eligible for relief under Proposition 47 is currently before the California Supreme Court in *People v. Page* (2015) 241 Cal.App.4th 714, review granted January 27, 2016, S230793. However, we need not decide the issue of defendant's eligibility for the reasons discussed below.[4]

## C. Defendant Failed to Meet Her Burden of Establishing the Value of the Automobile.

Even if we were to assume that section 490.2 applied as defendant would have it, it does not appear that she would be entitled to relief. Defendant's guilty plea shows only that she unlawfully took or drove a vehicle; nothing in the record establishes the value of the vehicle to be $950 or less. The burden of proof lies with defendant to show the facts

---

[4] Because we are not deciding the issue of eligibility, we need not decide the issue of whether Proposition 47 violates equal protection.

demonstrating her eligibility for relief, including that the value of the stolen vehicle did not exceed $950. (*People v. Sherow* (2015) 239 Cal.App.4th 875, 877 (*Sherow*).) Defendant did not attempt to meet that burden in her petition, providing no information at all regarding her eligibility for resentencing in her petition. The proper remedy is to permit defendant to file a new petition that seeks resentencing on the Vehicle Code section 10851 offense. (See *People v. Perkins* (2016) 244 Cal.App.4th 129, 140 ["In any new petition, defendant should describe the stolen property and attach some evidence, whether a declaration, court documents, record citations, or other probative evidence showing" that the vehicle's value does not exceed $950].)

## III. DISPOSITION

The order denying defendant's petition for resentencing is affirmed without prejudice to subsequent consideration of a properly filed petition. (*Sherow*, *supra*, 239 Cal.App.4th at p. 881.)

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

HOLLENHORST
Acting P. J.

We concur:

MILLER
J.

SLOUGH
J.

5