Filed 7/6/16  P. v. Jauregui CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E063660 |
| v. | (Super.Ct.No. FVI800930) |
| JASON JAUREGUI, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County.  Michael A. Smith, Judge.  (Retired judge of the San Bernardino Super. Ct. assigned by the Chief Justice pursuant to art. VI, § 6 of the Cal. Const.)  Affirmed.

Richard Schwartzberg, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Barry Carlton, and Karl T. Terp, Deputy Attorneys General, for Plaintiff and Respondent.

I

INTRODUCTION

Defendant Jason Jauregui appeals an order denying his petition for resentencing under Proposition 47, the Safe Neighborhoods and Schools Act. (Pen. Code, §§ 1170.18, 487, subd. (a).)[1] Defendant requests this court to reverse the order as to counts 1, 9, 15, and 16. Counts 1, 9, and 15 allege commercial burglary (§ 459), each as to a different victim. Count 16 alleges possession of a forged driver's license (§ 470b).

We affirm the trial court order denying defendant's petition for resentencing for three reasons. First, the record on appeal does not show defendant pled guilty or was convicted as to counts 15 and 16. According to the record before this court, defendant only pled guilty and was convicted of counts 1 through 6 and 9 through 12. Second, defendant's petition for resentencing does not seek any relief or resentencing as to counts 1, 9, 15 or 16. And third, as defendant concedes in his reply, defendant has not met his burden of establishing that the value of the property at issue in each count does not exceed $950.

II

FACTUAL AND PROCEDURAL BACKGROUND

Defendant's 10 convictions (counts 1 through 6 and 9 through 12) involve a scheme in which defendant used forged documents and committed identity theft to fraudulently purchase three new cars and one used car from several car sales businesses.

---

[1] Unless otherwise noted, all statutory references are to the Penal Code.

In April 2008, the district attorney filed a felony complaint against defendant, alleging 26 counts and numerous enhancements. The complaint included charges for crimes involving four separate incidents of defendant fraudulently purchasing vehicles from different victims, from September 2007 through April 2008.

On June 3, 2010, defendant signed a plea form pleading guilty to counts 1 through 6 and 9 through 12, and admitting to various enhancements. Counsel approved the written plea and the court accepted it. During the plea hearing on June 3, 2010, defendant confirmed pleading guilty as stated in the written plea agreement. The court sentenced defendant to 16 years in prison, dismissed all remaining counts and allegations, and reserved jurisdiction regarding restitution.

During a restitution hearing in August 2010, the trial court reviewed a restitution memo prepared by the San Bernardino County Probation Department. The restitution memo stated that victim T.F. Hernandez incurred a loss of $70 caused by defendant's criminal acts. Hernandez informed the investigating probation officer that he sustained other losses as well, which he had not yet ascertained. The memo further stated that Arrowhead Credit Union was demanding that All Star Auto Sales pay Arrowhead Credit Union $28,000 for a vehicle defendant had fraudulently purchased through financing provided by Arrowhead Credit Union (count 26). The memo stated that the probation department had not yet ascertained the other victims' losses.

On August 5, 2010, the trial court awarded $70 in restitution to T.F. Hernandez, who was named as the victim in several counts alleging false personation and identity

3

theft (counts 4-5, 12-13, 18-19, and 24-25). The trial court also awarded $28,000 in restitution to Arrowhead Credit Union.

In November 2014, after the passage of Proposition 47, defendant, in propria persona, filed a petition for writ of habeas corpus, deemed by the trial court to be a petition for resentencing. Defendant was in custody at the time he filed his petition. Defendant alleged in the petition that under Proposition 47 he was entitled to have his felony convictions reduced to misdemeanors. On January 9, 2015, the trial court denied defendant's petition. The court found defendant did not satisfy the requisite criteria for resentencing under section 1170.18 and was not eligible for resentencing. Counsel confirmed the trial court ordered $28,000 in victim restitution. The trial court stated this made defendant ineligible for resentencing.

On April 3, 2015, the trial court held a hearing on a second petition for resentencing filed by defendant. The trial court denied the second petition, finding that defendant did not satisfy the criteria required by section 1170.18 and was not eligible for resentencing, "[d]ue to the nature of the charges." The record on appeal does not contain a second petition filed before the hearing on April 3, 2015. After the hearing, defendant filed in the trial court a petition dated April 27, 2015, entitled a "petition for writ of habeas corpus." This court and the trial court deemed the petition a notice of appeal of the April 3, 2015 ruling denying resentencing. The April 27, 2015 document was filed on May 11, 2016 in the trial court and on May 29, 2015, in this court. In the notice of appeal, defendant alleges he is entitled to resentencing as to counts 2 and 10, in which he was convicted of violating section 470b (possession of a forged driver's license).

4

## III

## APPLICABLE LAW REGARDING PROPOSITION 47

On November 4, 2014, California voters passed Proposition 47, which went into effect the next day.  (Cal. Const., art. II, § 10, subd. (a).)  "Proposition 47 makes certain drug- and theft-related offenses misdemeanors, unless the offenses were committed by certain ineligible defendants.  These offenses had previously been designated as either felonies or wobblers (crimes that can be punished as either felonies or misdemeanors)."  (*People v. Rivera* (2015) 233 Cal.App.4th 1085, 1091.)  In addition, Proposition 47 added section 459.5, which classifies shoplifting property not exceeding $950 as a misdemeanor, and reduced certain felonies for forgery to misdemeanors, where the value of the forged financial instrument does not exceed $950 (§§ 496, subd. (a), 473, subd. (b)).  "Proposition 47 also created a new resentencing provision:  section 1170.18.  Under section 1170.18, a person 'currently serving' a felony sentence for an offense that is now a misdemeanor under Proposition 47, may petition for a recall of that sentence and request resentencing in accordance with the statutes that were added or amended by Proposition 47."  (*Rivera,* at p. 1092.)

Defendant has the burden of proof as to establishing that the value of the property at issue does not exceed $950.  (*People v. Sherow* (2015) 239 Cal.App.4th 875, 878, 880.)  We review the trial court's legal conclusions de novo and its findings of fact for substantial evidence.  (*People v. Perkins* (2016) 244 Cal.App.4th 129, 136.)

IV

DISCUSSION

Defendant contends the trial court abused its discretion in denying his petition for resentencing as to counts 1, 9, 15, and 16. Counts 1, 9, and 15 are for commercial burglary (§ 459), consisting of allegedly entering a car sales business, with intent to commit a felony; presumably, that of fraudulently purchasing a vehicle. Count 16 alleges possession of a forged driver's license (§ 470b), committed by defendant unlawfully displaying a forged driver's license and identification card with intent to use the documents to facilitate the commission of a forgery. We conclude the trial court appropriately denied defendant's resentencing petition.

Defendant argues his commercial burglary convictions (counts 1, 9, and 15) qualify under section 459.5 as misdemeanor shoplifting offenses, and his section 470b conviction for possession of a forged driver's license (count 16) qualifies as misdemeanor forgery under section 473, subdivision (b). Defendant asserts that the restitution memo establishes that the value of the property at issue in counts 1, 9, 15, and 16 does not exceed $950. Defendant correctly notes that the $28,000 restitution award did not involve the crimes charged in counts 1, 9, 15, and 16, and therefore did not disqualify those counts from resentencing. Nevertheless, defendant has not met his burden of proving that the value of the property at issue in counts 1, 9, 15, and 16 did not exceed $950. Defendant did not present any supporting evidence and the record of conviction, including the restitution memo, does not establish the value of the property at issue in any of these counts.

6

There are several other reasons why defendant cannot prevail on his appeal of the trial court's ruling on April 3, 2015, denying his resentencing petition. The record on appeal does not include defendant's second petition for resentencing, which is the subject of this appeal. Defendant did not appeal the trial court's denial on January 9, 2015, of his first petition for resentencing. The instant appeal was filed in May 2015, and appeals the April 3, 2015 ruling. There is a document, entitled "petition for writ of habeas corpus," which is similar to defendant's original petition for resentencing (also entitled "petition for writ of habeas corpus") but the document is dated signed on April 27, 2015, and was filed on May 11, 2016, well after the April 3, 2015 hearing. Furthermore, the trial court, as well as this court, deemed the April 27, 2015 document a notice of appeal of the April 3, 2015 ruling denying resentencing.

Even assuming the April 27, 2015, document was submitted before the April 3, 2015 hearing, and the trial court deemed it a resentencing petition and denied it during the April 3, 2015 hearing, the April 27, 2015 document does not request resentencing as to counts 1, 9, 15, or 16. It only requests resentencing as to counts 2 and 10. Furthermore, defendant's appeal does not challenge the trial court's ruling on counts 2 or 10.

Another significant problem with defendant's appeal is that the record on appeal indicates that defendant never pled guilty or was convicted of counts 15 and 16. Therefore, there is no basis for resentencing as to those counts.

Defendant has not established that the trial court abused its discretion on April 3, 2015, when it denied defendant's petition for resentencing.

7

V

DISPOSITION

The order on April 3, 2015, denying defendant's petition for resentencing is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

CODRINGTON
J.

We concur:


McKINSTER
Acting P. J.


MILLER
J.

8