Filed 9/19/16  P. v.Walker CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E064104 |
| v. | (Super.Ct.No. RIF1314245) |
| ANDRE LAMAR WALKER, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  Becky Dugan, Judge.

Affirmed.

Patricia L. Brisbois, under appointment by the Court of Appeal, for Defendant and

Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney

General, Julie L. Garland, Assistant Attorney General, and Lynne G. McGinnis and

Eric A. Swenson, Deputy Attorneys General, for Plaintiff and Respondent.

1

In March 2014, defendant and appellant Andre Lamar Walker pleaded guilty to one count of second degree burglary (Pen. Code,[1] § 459; count 1), one count of receiving stolen property (§ 496, subd. (a); count 2), one count of unlawfully acquiring or retaining access card account information (§ 484e, subd. (d); count 3), and one count of identity theft (§ 530.5; count 4), and admitted to several enhancements of those charges. The trial court imposed an aggregate sentence of six years.

Subsequently, defendant petitioned for relief pursuant to the Safe Neighborhoods and Schools Act, enacted by the voters as Proposition 47 in the November 2014 election. The trial court found defendant qualified for resentencing on his receiving stolen property conviction, but denied the petition with respect to his other convictions. Defendant's aggregate sentence remained the same, because his initial sentence on the reduced conviction was being served concurrently.

On appeal, defendant contends that the trial court erred by denying his petition with respect to counts 1 and 3, the second degree burglary conviction and conviction for unlawfully acquiring or retaining access card account information. For the reasons discussed below, we affirm the trial court's ruling, but without prejudice to a subsequent petition that supplies evidence of defendant's eligibility for relief.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On March 7, 2014, defendant pleaded guilty as described above, accepting the court's indicated sentence of six years. During the plea proceedings, defendant admitted

---

[1] Further undesignated statutory references are to the Penal Code.

2

that he had possessed a stolen credit card belonging to an elderly man in the care of his girlfriend, and that he had used the credit card and falsely identified himself as that man.

Defendant's petition for relief pursuant to Proposition 47 was filed on December 10, 2014. The petition asserts the conclusion that defendant is entitled to relief, and is signed under penalty of perjury, but declares no specific facts regarding the circumstances of the offenses, and defendant presented no additional evidence. The trial court ruled on the petition on July 10, 2015, granting it with respect to count 2, and denying it with respect to defendant's other convictions. On appeal, defendant contests the trial court's ruling on counts 1 and 3; the People have not appealed the trial court's ruling with respect to count 2.

## II. DISCUSSION

### A. Standard of Review.

Whether Proposition 47 applies to defendant's conviction offenses is a question of statutory interpretation that we review de novo. (*People v. Prunty* (2015) 62 Cal.4th 59, 71.) We review any factual findings of the trial court for substantial evidence. (*People v. Perkins* (2016) 244 Cal.App.4th 129, 136 (*Perkins*).)

### B. Analysis.

This appeal raises several issues which, like so many issues related to Proposition 47, have divided the Courts of Appeal, and which have been taken up for review before the California Supreme Court. Pending final word from the Supreme Court, for the reasons below, we conclude as follows: (1) defendant's section 459 conviction may fall within the definition of shoplifting, as defined in section 459.5; and (2) defendant's

3

section 484e, subdivision (d) conviction may be a petty theft within the meaning of section 490.2; but (3) plaintiff did not carry his evidentiary burden of proving either (1) or (2). On that basis, the trial court's order will be affirmed, without prejudice to consideration of a subsequent petition that supplies evidence of eligibility.

    *1. Background Regarding Proposition 47.*

    "Proposition 47 makes certain drug- and theft-related offenses misdemeanors, unless the offenses were committed by certain ineligible defendants. These offenses had previously been designated as either felonies or wobblers (crimes that can be punished as either felonies or misdemeanors). Proposition 47 (1) added chapter 33 to the Government Code (§ 7599 et seq.), (2) added sections 459.5, 490.2, and 1170.18 to the Penal Code, and (3) amended Penal Code sections 473, 476a, 496, and 666 and Health and Safety Code sections 11350, 11357, and 11377." (*People v. Rivera* (2015) 233 Cal.App.4th 1085, 1091.) Under section 1170.18, "a person 'currently serving' a felony sentence for an offense that is now a misdemeanor under Proposition 47, may petition for a recall of that sentence and request resentencing in accordance with the statutes that were added or amended by Proposition 47." (*Rivera*, *supra*, at p. 1092.)

    As relevant to the present case, Proposition 47 added section 459.5, which provides in part as follows: "Notwithstanding Section 459, shoplifting is defined as entering a commercial establishment with intent to commit larceny while that establishment is open during regular business hours, where the value of the property that is taken or intended to be taken does not exceed nine hundred fifty dollars ($950)." (§ 459.5, subd. (a).) Shoplifting, as newly defined in section 459.5, is a misdemeanor,

unless committed by certain ineligible defendants. (*Ibid.*) Moreover, if an act can be charged under section 459.5, it must be so charged: "Any act of shoplifting as defined in subdivision (a) shall be charged as shoplifting. No person who is charged with shoplifting may also be charged with burglary or theft of the same property." (*Id.*, subd. (b).)

Proposition 47 also added section 490.2, which provides as follows: "Notwithstanding Section 487 or any other provision of law defining grand theft, obtaining any property by theft where the value of the money, labor, real or personal property taken does not exceed nine hundred fifty dollars ($950) shall be considered petty theft and shall be punished as a misdemeanor . . . ." (§ 490.2, subd. (a).)

*2. Section 459 Conviction.*

Defendant contends that his burglary conviction falls within the scope of section 459.5, and therefore should have been reduced to a misdemeanor. The People contend that the trial court correctly determined that conviction does not fall within the scope of section 459.5, offering several theories as to why that is so. First, they argue that the offense of shoplifting does not encompass theft by false pretenses, such as using a stolen credit card. In the alternative, they argue that the record establishes defendant entered a store with the intent to commit identity theft, not larceny. We are not persuaded by either theory offered by the People.

The People urge that the word "larceny" in section 459.5 should be read narrowly, to apply only to specific types of thefts commonly referred to as shoplifting— specifically, the taking and carrying away of openly displayed merchandise. Section

5

490a, however—added to the Penal Code in 1927—requires that "[w]herever any law or statute of this state refers to or mentions larceny . . . said law or statute shall hereafter be read and interpreted as if the word "theft" were substituted therefor." (§ 490a.) Furthermore, the term "larceny" as used similarly in the burglary statute (§ 459) has historically been interpreted to include all thefts, including theft by false pretenses. (*People v. Parson* (2008) 44 Cal.4th 332, 354; *People v. Nguyen* (1995) 40 Cal.App.4th 28, 31.) "'When legislation has been judicially construed and a subsequent statute on a similar subject uses identical or substantially similar language, the usual presumption is that the Legislature [or the voters] intended the same construction, unless a contrary intent clearly appears.'" (*Rivera*, *supra*, 233 Cal.App.4th at p. 1100.) We find no clear indication of contrary intent; to the contrary, the decision to word section 459.5 substantially similar to the burglary statute (§ 459) strongly suggests the two statutes are intended to be similarly construed. We therefore reject the People's narrow construction of section 459.5.

The People also argue that defendant entered the building with intent to commit identity theft, and suggest that is not the act contemplated in section 459.5, namely, entry with the intent to commit petty theft. They point out that defendant was in fact convicted of identity theft, as alleged in count 4, based on the same facts that underlie his burglary charge.[2]

---

[2] The People's argument is based in large part on this court's opinion in a case that is no longer published because of the Supreme Court's grant of review, which issued after the respondent's brief in this matter was filed. (*People v. Bias* (2016) 245

*[footnote continued on next page]*

We are not persuaded by this argument for several reasons. First, section 459.5 does not explicitly require that the defendant must have the "sole intent" of committing larceny. Rather, the statutory language requires only that the defendant have the "intent to commit larceny." (§ 459.5, subd. (a).) The circumstance that a defendant might also have been harboring other intents, criminal or otherwise, is irrelevant.

Second, on the facts in the record, it is questionable whether it is appropriate to characterize defendant as entering the building with intent to commit identity theft, as the People would have it. Defendant did not enter the building to obtain the personal identifying information of another; he already had that information before he entered. Defendant entered the building to commit a theft which, when put together with acts performed elsewhere, completed the offense of identity theft. We find it doubtful that these facts would support a charge of burglary with the offense to be committed after the unlawful entry as identity theft, as opposed to theft, and the People have presented no binding authority or persuasive reasoning in support of the notion.

Third, the charged basis of defendant's conviction on count 1 was entering the store with the intent to commit "theft," not "identity theft." Whether defendant may be entitled to relief under Proposition 47 depends on the nature of the conviction offense;

*[footnote continued from previous page]*
*[footnote continued from previous page]*
Cal.App.4th 302, review granted May 11, 2016, S233634.) The author of this opinion concurred in that holding, but now rejects it, for the reasons discussed herein. As observed by Justice Frankfurter, "[w]isdom too often never comes, and so one ought not to reject it merely because it comes too late." (*Henslee v. Union Planters Bank* (1949) 335 U.S. 595, 600 (dis. opn. of Frankfurter, J.).)

whether the facts underlying that conviction could have supported different charges is immaterial.

In short, we find that defendant's burglary conviction may be eligible for reduction to a misdemeanor under Proposition 47.

3. *Section 484e, Subdivision (d) Conviction.*

Plaintiff contends that his conviction for violating section 484e, subdivision (d), falls within the scope of section 490.2. The People argue otherwise, asserting that "the acquisition or possession of access card account information is qualitatively different from most other grand theft crimes," and that it is therefore "not a reducible offense under Proposition 47." Again, we find the People's argument unpersuasive.

Section 484e, subdivision (d), defines a variety of grand theft: "Every person who acquires or retains possession of access card account information with respect to an access card validly issued to another person, without the cardholder's or issuer's consent, with the intent to use it fraudulently, is guilty of grand theft." Section 484e is not explicitly listed among Proposition 47's additions or amendments to California's statutory law in section 1170.18, subdivision (a). Nevertheless, section 490.2, added by Proposition 47, explicitly applies to section 484e, subdivision (d), redefining section 487 and "any other provision of law defining grand theft" to be petty theft and a misdemeanor, where the stolen property falls below the threshold value of $950, unless the offense was committed by defined categories of recidivists. (§ 490.2, subd. (a).) Applying this plain statutory language, we conclude defendant's section 484e,

8

subdivision (d) conviction may be eligible for reduction to a misdemeanor under Proposition 47.

In arguing otherwise, the People point out that most grand theft offenses involve the theft of "tangible, personal property," whereas section 484e, subdivision (d) "does not require theft, and instead focuses on the holding of account information with the intent to commit fraud." Section 490.2 is not limited in scope, however, to grand thefts that require the theft of tangible, personal property; rather, it applies to section 487 and "any other provision of law defining grand theft." (§ 490.2.)

We recognize that this is an issue on which reasonable minds can, and have differed. The matter will ultimately be decided by the Supreme Court, which has granted review in three cases considering the issue. (*People v. Cuen* (2015) 241 Cal.App.4th 1227, review granted Jan. 20, 2016, S231107 [finding section 484e, subd. (d) convictions ineligible for reduction under Proposition 47]; *People v. Grayson* (2015 (241 Cal.App.4th 454, review granted Jan. 20, 2016, S231757 [same]; *People v. Romanowski* (2015) 242 Cal.App.4th 151, review granted Jan. 20, 2016. S231405 [finding section 484e, subd. (d) falls within the scope of section 490.2].)

While review in the Supreme Court is pending, however, we prefer to apply Proposition 47 as it was written, following the maxim that "'"[w]hen statutory language is clear and unambiguous, there is no need for construction and courts should not indulge in it."'" (*People v. Hendrix* (1997) 16 Cal.4th 508, 512.) On this basis, we conclude defendant's section 484e, subdivision (d) conviction may be eligible for reduction to a misdemeanor under Proposition 47.

9

*4. Burden of Proof.*

Even though defendant's convictions on counts 1 and 3 may be eligible for reduction to misdemeanors under Proposition 47, defendant bears the burden of proving his entitlement to such relief. (*People v. Sherow* (2015) 239 Cal.App.4th 875, 877.) Defendant did not attempt to meet that burden in his petition, providing no evidence in support of his assertion of eligibility in or attached to his petition, or at the hearing on the petition. The proper remedy is to permit defendant to file a new petition that seeks resentencing on counts 1 and 3 that is supported by appropriate evidence, "whether a declaration, court documents, record citations, or other probative evidence . . . ." (*Perkins*, *supra,* 244 Cal.App.4th at p. 140.)

## III. DISPOSITION

The order appealed from is affirmed without prejudice to consideration of a subsequent petition that supplies evidence of defendant's eligibility for relief under Proposition 47 with respect to counts 1 and 3.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

HOLLENHORST

Acting P. J.

We concur:

MILLER

J.

CODRINGTON

J.

10