Filed 9/21/16  P. v. Washington CA2/2

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>TROY D. WASHINGTON,<br><br>    Defendant and Appellant. | B268211<br><br>(Los Angeles County<br>Super. Ct. No. YA016650) |

APPEAL from an order of the Superior Court of Los Angeles County. Hector Guzman, Judge.  Affirmed.

Elizabeth K. Horowitz, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Lance E. Winters, Assistant Attorney General, Mary Sanchez and Margaret E. Maxwell, Deputy Attorneys General, for Plaintiff and Respondent.

_____

Defendant Troy D. Washington appeals from the postjudgment order denying his application to reclassify his felony conviction for receiving stolen property (Pen. Code, § 496, subd. (a))[1] as a misdemeanor pursuant to section 1170.18, added by Proposition 47.[2] He contends the order must be reversed, because the trial court impermissibly considered hearsay evidence outside the record of conviction to determine the value of the automobile he took exceeded $950.

We affirm the order. Defendant has failed to demonstrate his eligibility for Proposition 47 relief. It is incumbent on defendant, in the first instance, to make a prima facie showing through evidence in his petition that the value of the stolen property he

---

[1] All further section references are to the Penal Code unless otherwise indicated.

[2] Proposition 47 is an initiative measure approved by the voters (Gen. Elec. Nov. 4, 2014) and took effect on November 5, 2014 (see Cal. Const., art. II, § 10 [initiative statute "takes effect the day after the election unless the measure provides otherwise"]). "The initiative: added Government Code chapter 33 of division 7 of title 1 (§ 7599 et seq., the Safe Neighborhoods and Schools Fund); added sections 459.5, 490.2 and 1170.18 to the Penal Code; amended sections 473, 476a, 496 and 666 of the Penal Code; and amended Health and Safety Code sections 11350, 11357 and 11377. (Voter Information Guide, Gen. Elec. (Nov. 4, 2014) text of Prop. 47, §§ 4-14, pp. 70-74.) The electorate's stated purpose and intent was to '(1) Ensure that people convicted of murder, rape, and child molestation will not benefit from this act. [¶] (2) Create the Safe Neighborhoods and Schools Fund . . . for crime prevention and support programs in K-12 schools, . . . for trauma recovery services for crime victims, and . . . for mental health and substance abuse treatment programs to reduce recidivism of people in the justice system. [¶] (3) Require misdemeanors instead of felonies for nonserious, nonviolent crimes like petty theft and drug possession, unless the defendant has prior convictions for specified violent or serious crimes. [¶] (4) Authorize consideration of resentencing for anyone who is currently serving a sentence for any of the offenses listed herein that are now misdemeanors. [¶] (5) Require a thorough review of criminal history and risk assessment of any individuals before resentencing to ensure that they do not pose a risk to public safety. [¶] (6) [And to] save significant state corrections dollars on an annual basis [and] increase investments in programs that reduce crime and improve public safety, such as prevention programs in K-12 schools, victim services, and mental health and drug treatment, which will reduce future expenditures for corrections.' (Voter Information Guide, *supra*, text of Prop. 47, § 3, p. 70.)" (*People v. Shabazz* (2015) 237 Cal.App.4th 303, 308.)

received did not exceed $950. In the absence of this requisite, threshold showing, we need not, and therefore do not, address whether the trial court properly determined its value exceeded $950.

## BACKGROUND

Pursuant to a plea agreement dated December 6, 1993, defendant agreed to plead guilty to receiving stolen property (§ 496, subd. (a)) and to having served a prior prison term (§ 667.5, subd. (b)). He was sentenced to state prison for a total term of two years and four months, consisting of a sentence of one year and four months for his conviction and the one-year prior prison term enhancement.

On September 21, 2015, defendant filed an "Application/Petition" for relief under Proposition 47. The prosecutor opposed the petition, contending he was ineligible for relief, because the value of the property exceeded $950.

On October 1, 2015, defendant filed a "motion," i.e., application, to reduce his receiving stolen property conviction to a misdemeanor pursuant to Proposition 47. This application was signed by defendant on August 11, 2015.

On that same date, a hearing was held on defendant's application for Proposition 47 relief. The prosecution reiterated its objection that the value of the property exceeded $950. Neither defendant nor his counsel was present. At the conclusion of the hearing, the trial court denied the application, finding defendant's felony conviction for receiving stolen property involved property whose value exceeded $950.

## DISCUSSION

Pursuant to Proposition 47, the offense of receiving stolen property is a misdemeanor if the value of the automobile did not exceed $950. (§ 496, subd. (a).) Defendant contends the trial court erred in inferring the value of the property was over $950, because such inference was based improperly on extrinsic evidence outside the record of conviction.

The threshold issue, however, is whether defendant met his initial burden to establish his eligibility for relief under Proposition 47. He has not. A defendant is required to present in the petition itself evidence that the value of the automobile does not

3

exceed $950.  A mere allegation or assertion that the value was $950 or less is insufficient to satisfy this burden to make a prima facie showing *through evidence* of the value of the automobile.  (*People v. Perkins* (2016) 244 Cal.App.4th 129, 137, (*Perkins*); *People v. Rivas-Colon* (2015) 241 Cal.App.4th 444, 448-450 (*Rivas-Colon*); *People v. Sherow* (2015) 239 Cal.App.4th 875, 877, 880 (*Sherow*).)

In this instance, defendant did not even check the box on his application indicating the value of the property did not exceed $950.  Defendant's failure to make a prima facie showing through evidence in his written application that the value of the stolen property he received was $950 or less therefore renders inconsequential his claims of error on this appeal.  We affirm the order denying defendant's Proposition 47 petition, because defendant failed to meet this threshold burden.[3]  "Although this analysis is different from the trial court's, 'we review the ruling, not the court's reasoning and, if the ruling was correct on any ground, we affirm.'  [Citation.]"  (*People v. Zamudio* (2008) 43 Cal.4th 327, 351, fn. 11; see also *Rivas-Colon*, *supra*, 241 Cal.App.4th 444, 450, fn. 3; *Perkins*, *supra*, 224 Cal.App.4th 129, 139.)

DISPOSITION

The order appealed from is affirmed.

<u>NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS</u>.

BOREN, P.J.

We concur:

ASHMANN-GERST, J.          CHAVEZ, J.

---

[3]     In *Sherow*, the court indicated a defendant may file a new request for Proposition 47 relief with evidence of eligibility.  (*Sherow*, *supra*, 239 Cal.App.4th at p. 881; accord, *Perkins*, *supra*, 244 Cal.App.4th 129, 142.)  Whether defendant should renew his request for Proposition 47 relief is not before us.