Filed 9/30/16  P. v. Vasquez CA2/1

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>DAVID M. VASQUEZ,<br><br>    Defendant and Appellant. | B269404<br><br>(Los Angeles County<br>Super. Ct. Nos. A359024, BA118655) |

APPEAL from orders of the Superior Court of Los Angeles County, David Horwitz and Katherine Mader, Judges.  Affirmed.

Melissa L. Camacho-Cheung, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance by Plaintiff and Respondent.

Appellant David M. Vasquez appeals from the orders denying two separate petitions for resentencing under Proposition 47 in unrelated criminal court cases: case No. A359024 and case No. BA118655.

Case No. A359024:  In his petition, appellant indicated that he had been convicted under Penal Code section 459,[1] of second degree burglary and he checked a box stating that the amount in question "is not more than $950."  Appellant did not attach any documents or evidence in support of the petition and neither appellant nor the People appeared at the hearing on the petition.  On October 21, 2015, the court denied the petition, finding that appellant was ineligible for resentencing because appellant had not submitted any evidence to the court and thus had failed to satisfy the burden of proof "that the value of loss in question is less than $950."

Case No. BA118655:  In 1995 appellant was convicted in case No. BA118655 of a violation of section 459 (residential burglary), and section 487h, subdivision (a) (grand theft of a vehicle).  In his petition for resentencing, appellant listed his conviction as a section "487B(a)" felony.  Appellant presented no evidence in support of the petition and did not attend the hearing.  On November 19, 2015, the trial court denied appellant's petition finding that he was ineligible for resentencing.  The court noted that appellant was in state prison on a "Three Strikes" sentence of 35 years to life and that the section 459 conviction was a first degree residential burglary:  "The felony conviction is for an offense that does not qualify under . . . § 1170.18(a) or (f)."

Appellant filed a notice of appeal from the orders denying his petitions.

We appointed counsel to represent appellant on appeal.  After examining the record, counsel filed a *Wende* brief raising no issues on appeal and requesting that we independently review the record.  (*People v. Wende* (1979) 25 Cal.3d 436.) On July 22, 2016, we directed appointed counsel to immediately send the record on appeal and a copy of the opening brief to appellant.  We notified appellant that within

---

[1]  All statutory references are to the Penal Code unless otherwise indicated.

2

30 days from the date of the notice he could submit by letter or brief any ground of appeal, contention or argument he wished us to consider. We received no response.

Misdemeanor resentencing under Proposition 47 is available to "[a] person currently serving a sentence for a conviction" under "Sections 11350, 11357, or 11377 of the Health and Safety Code, or Section 459.5, 473, 476a, 490.2, 496, or 666 of the Penal Code." (§ 1170.18, subd. (a).) Appellant is not eligible for resentencing under Proposition 47 sentencing statute in either case.

The court properly denied the petition in case No. A359024 because appellant failed to meet his initial burden of proof to establish his eligibility for resentencing, including that the value of the property did not exceed $950. (See e.g., *People v. Sherow* (2015) 239 Cal.App.4th 875, 880 ["[w]e think it is entirely appropriate to allocate the initial burden of proof to the petitioner to establish the facts upon which his or her eligibility is based"]; *People v. Rivas–Colon* (2015) 241 Cal.App.4th 444, 450 ["[t]he court . . . properly denied Rivas-Colon's resentencing petition because he failed to satisfy his burden to prove the value of the property he took from the store did not exceed $950"]; *People v. Perkins* (2016) 244 Cal.App.4th 129, 136 ["[b]ecause defendant is the petitioner seeking relief, and because Proposition 47 does not provide otherwise, 'a petitioner for resentencing under Proposition 47 must establish his or her eligibility for such resentencing' "].)

Likewise the trial court did not err in case No. BA118655 when it denied the petition for resentencing because the convictions in that case, section 459 (residential burglary), and section 487h, subdivision (a) (grand theft of a vehicle), are not among the offenses specified in section 1170.18 as eligible for resentencing. (§ 1170.18, subd. (a).) Consequently, the trial court properly denied the petition.

We have independently examined the entire record and are satisfied that appellant's attorney has fully complied with his responsibilities. (*People v. Wende*, *supra*, 25 Cal.3d at p. 441; *People v. Kelly* (2006) 40 Cal.4th 106, 110.) No plausible basis for appeal appears in the record, and accordingly, we affirm the orders.

3

**DISPOSITION**

The orders are affirmed.

<u>NOT TO BE PUBLISHED</u>.

ROTHSCHILD, P. J.

We concur:

JOHNSON, J.

LUI, J.

4